SARAH A. ATKINSON, Respondent, v. HENRY ANGERT, Appellant.

1. *Dower — Mortgage, payment of by purchaser of equity of redemption — Effect regarding claim for dower.* —Although there may be some cases where the purchaser of an equity of redemption, by paying the mortgage debt and taking an assignment of the mortgage, can protect himself against a demand for dower by the widow of the mortgagor—she having relinquished her dower in the deed—so that she will only be allowed to come in by proceeding in equity, and contributing her proportionate share toward the extinguishment of the legal charge; yet where the purchaser, without taking an assignment, and without any attempt to keep the mortgage alive, pays off the encumbrance absolutely and unqualifiedly, and no mistake was alleged or pretended in the cancellation or entry of satisfaction, it would be effectually dead, and the widow's relinquishment of dower being destroyed with it, her right of dower would remain in full force. The doctrine of subrogation can not apply to such cases; and it makes no difference that the purchaser was advised and supposed that a discharge of the mortgage would be equally beneficial to him as an assignment.

2. *Lands and land titles — Merger — Legal and equitable estate.* —The rule of law is inflexible, that where a greater and less estate meet and coincide in the same person, in one and the same right, without any intermediate estate, the less estate is immediately annihilated or merged; and the rule applies to the union of the legal with the equitable interest. Yet this rule is not inflexible with courts of equity, but will depend on the intention and interest of the person in whom the estates unite.

*Appeal from Sixth District Court.*

*Cunningham & Edwards*, for appellant.

If any one interested in an estate, as heir or purchaser, pay the encumbrance and discharge the mortgage, he acquires an equitable lien upon the estate. (1 Washb. Real Prop. 216, § 21; 1 Scrib. Dow. 510, § 22; Chappell v. Allen, 38 Mo. 223; Furnold v. Bank of the State of Missouri, 44 Mo. 336.) And where the purchaser of an equity of redemption pays off an outstanding mortgage made by his grantor, in which his wife had released her dower, the mortgage will not be deemed to merge; and where cne of several persons interested in a mortgage estate redeems it by paying the whole debt, he does not thereby release the other portions of the estate from the charge, but becomes an equitable assignee of the mortgage as to the parties, and may hold as mortgagee until the respective owners thereof shall contribute *pro rata* toward the mortgage debt, according to the value of their respective shares of the estate. (2 Washb. Real Prop. 166, 3d ed.; Sto. Eq., § 1023; 4 Kent's Com. 163; 5 Pick. 140.) If any one interested in the estate, as heir or purchaser, discharges or redeems the mortgage, he thereby acquires an equitable lien on the estate, which he may hold against the widow till she contributes her proportion of the charge, according to the value of her interest. (1 Washb. Real Prop., *supra;* Eaton v. Simonds, 14 Pick. 98; Swaine v. Perine, 5 Johns. Ch. 509; Peltz v. Clarke, 5 Pet. 481.) The owner of any interest or fractional interest, however small, of the mortgaged premises, may redeem; but, in order to do so, he is obliged to pay the whole debt, and by such payment he will become substituted in equity in place of the mortgagee. (2 Washb. Real Prop. 164, §§ 19–21; 1 Scrib. Dow. 515, § 30; Chappell v. Allen, 38 Mo. 223.)

*H. C. Lackland*, for respondent.

I. In the case at bar, the deed of trust was paid off and extinguished, and became dead immediately, and the widow's relinquishment died with it long before the death of the husband.

There never was any assignment of, or intention to assign, the deed of trust, and the title to the land was no more affected by it than if it had never existed. (Eaton v. Simonds, 14 Pick. 98.)

II. It is impossible to apply the doctrine of subrogation as against the widow in such a case, under our statute law. (Jones v. Bragg, 33 Mo. 337.)

WAGNER, Judge, delivered the opinion of the court.

The facts in this case are similar to those in the case of Atkinson v. Stewart, *ante*, p. 510, except that in Stewart's case the deed of trust was to secure the payment of purchase money, and was paid off and discharged by the assignee out of the assets of the estate of the husband. In this case the deed of trust signed and acknowledged by the wife was to secure a certain sum of money borrowed by the husband, and the purchaser at the assignee's sale bought the property subject to the encumbrance, and paid off the same during the lifetime of the husband, and entered satisfaction on the record. After payment of the debt and acknowledgment of satisfaction on the record, the purchaser at the assignee's sale conveyed the property to the defendant, who is now resisting this suit. The question is whether the payment of the debt and entry of satisfaction by the purchaser was such an extinguishment as enabled the widow to claim her dower.

There may be cases in which the purchaser of an equity of redemption, by paying the mortgage debt and taking an assignment of the mortgage, can protect himself against the demand for dower, and the widow will only be allowed to come in by proceedings in equity, and contributing her proportionate share toward the extinguishment of the legal charge. But in the present case the purchaser, without any assignment or attempt to keep the mortgage alive, paid it off absolutely and unqualifiedly; and as no mistake is alleged or pretended in the cancellation or entry of satisfaction, it was effectually dead and incapable of being used for any purpose.

The case of Eaton v. Simonds, 14 Pick. 98, is in point. It was a bill in equity, and the complainant had joined with her husband in mortgaging a portion of his estate. The equity of redemption

was afterward sold to the defendant on an execution issued against the mortgagor, and the defendant during the lifetime of the mortgagor having paid the amount due to the mortgagee, claimed an assignment of the mortgage; but the mortgagee declaring that an assignment would be unnecessary, the mortgage was discharged upon the margin of the record in the registry of deeds.

It was held that this discharge was an extinguishment of the mortgage and not an equitable assignment, and that the widow was entitled to dower in the land free from the encumbrance of the mortgage.

Wilde, J., in delivering the opinion of the court, disposed of the question arising upon the discharge of the mortgage, as follows: " But this discharge, the defendant's counsel contend, will operate as an equitable assignment, as it was so intended to operate by the parties, and that the union of the legal and equitable titles may well exist without producing the effect of a merger or the extinguishment of a mortgage. Perhaps this might be so if the discharge could be considered as an assignment of the mortgage. The general principle is, that when the purchaser of a right to redeem takes an assignment, this shall or shall not operate as an extinguishment of the mortgage, according to what the interest of the party taking the assignment may be, and according to the real intent of the parties. (Gibson v. Crehore, 3 Pick. 482.) But Chief Justice Savage remarks, in the case of Coates v. Cheever, 1 Cow. 460, " that the spirit of the case seems to be this: that where the tenant in possession enters by virtue of a purchase from the mortgagor, then the subsequent purchase of the mortgage by him is an extinguishment. And that case was decided upon that principle. The same principle is laid down in James v. Morey, 2 Cow. 301, and in other cases; Forbes v. Moffatt, 18 Ves. 390; Gardner v. Astor, 3 Johns. Ch. 53.

The rule at law is inflexible, that where a greater and a less estate meet and coincide in the same person, in one and the same right, without any intermediate estate, the less estate is immediately annihilated or merged; and the same rule applies to the union of the legal estate with the equitable interest. But this

rule is not inflexible with courts of equity, but will depend on the intention and interest of the person in whom the estates unite.

In the present case, however, the doctrine of merger is not applicable, for the estate in the mortgage of William Eaton was never assigned to the defendant and never vested in him, so that it could not unite with the equitable title in him so as to operate as a merger. But this mortgage has been legally discharged; the debt has been paid, and could no longer be set up as a subsisting title either at law or in equity."

It makes no difference that the defendant was advised and supposed that a discharge of the mortgage would be equally beneficial to him as an assignment. This was a mistake which this court has no power to correct. (Runyon v. Stewart, 12 Barb. 537, also in point.) In the case at bar there was no foreclosure or sale of the premises under the deed of trust, the equity of redemption was sold by the assignee, and the purchaser, without taking any assignment, paid off the mortgage debt and extinguished the legal encumbrance. This extinguishment effectually destroyed the relinquishment and left the wife's right of dower in full force. As remarked in the case of Atkinson v. Stewart, we do not think that the doctrine of subrogation is applicable to these cases; and it may be further said that the common-law principles by which dower is obtained and lost, and to which most of the authorities cited by the counsel for the appellant refer, have been essentially modified by our statute.

From the best consideration we have been able to bestow upon the subject, we are of the opinion that the judgment of the court in awarding dower should be affirmed. Some minor points have been discussed, but their decision can not change the result, and we deem it unnecessary to examine them.

Judgment affirmed. The other judges concur.