ERNEST L. HOSPES, Appellant, v. HENRY ALMSTEDT ET AL.,
Respondents.

February 13, 1883.

1. RECEIVERS — POWERS OF. — A receiver appointed to take charge of a part-
nership estate has no power to transfer to a firm creditor a secured note,
not inventoried, in satisfaction of the firm's indebtedness to the trans-
feree.

2. FORECLOSURE SALE — DEED OF TRUST. — In such a case, a foreclosure
sale, by the transferee, of the deed of trust given to secure the note,
gives the purchaser thereat no title.

3. MERGER. — The owner of a note and the deed of trust by which it is
secured has no estate in the land, and his subsequent acquirement of the
fee through a sheriff's deed, does not merge the estates.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Reversed and remanded with directions.*

RUDOLPH SCUHULENBURG and G. A. WARDEMAN, for the
appellant : The delivery of the note and deed of trust, by
the receiver, gave no title thereto. — *Blunt* v. *Clitherow*, 6
Ves. 799 ; *Attorney-General* v. *Vigor*, 11 Ves. 563 ; *Hooper*
v. *Winston*, 24 Ill. 366 ; *Johnson* v. *Guenter*, 6 Bush, 535.
The estates were merged.

LOUIS GOTTSCHALK, for the respondent : Under the facts
there could be no merger. — *The State to use* v. *Koch*, 47
Mo. 584 ; *Simonton* v. *Gray*, 34 Me. 50 ; *Den* v. *Brown*,
26 N. J. L. 205 ; *Swope* v. *Leffingwell*, 72 Mo. 348.

THOMPSON, J., delivered the opinion of the court.

The plaintiff, claiming title to certain property, seeks in
this suit in equity to have a certain deed of trust thereon
and note secured thereby, delivered up and cancelled, and
to have a sale which has taken place thereunder declared
void. The only question which we shall consider is the ques-
tion of the title of the defendant Almstedt, to the note and
deed of trust. The note, for the sum of $16,500, and the

deed of trust securing the same, were owned by Joseph Jecko and G. H. Hospes, who were partners in the practice of the law. The defendant Almstedt held the note of these partners to the extent of about $7,000, on which he had brought suit, and recovered a judgment against Hospes for about $4,000; and Jecko has also given him a deed of trust on property of his own, including the property in controversy. In addition to being the owner of this note and the deed of trust, Jecko and Hospes had acquired title to the property through a sheriff's sale under a judgment which was a junior lien to that of the deed of trust. Having thus acquired the property in fee, the deed of trust and the note secured by it had been, it would seem, pigeon-holed and forgotten. Jecko was appointed receiver of the partnership firm of Jecko & Hospes, and, while acting in this capacity, he discovered the note and deed of trust in a pigeon-hole in the partnership safe, and turned it over to the defendant Almstedt, taking the following receipt therefor: "Received, St. Louis, October 23, 1880, of Joseph Jecko, receiver of the late firm of Jecko & Hospes, a certain note of which the following is a copy. [Here follows copy of Von Dreveldt note.] Which note I will endeavor to collect, and will apply the proceeds of the credit of payment of my note against said Jecko & Hospes; which note was sued upon in St. Louis Circuit Court, and judgment obtained against G. H. Hospes.

HENRY ALMSTEDT."

This note and deed of trust had never been reported to the court by Jecko as assets of the partnership estate, nor had he any authority from the court, general or special, to transfer the same, or to turn it over in payment of, or as additional security for, any debt of the firm; nor was his act of turning it over to Almstedt ever sanctioned by the court, nor did he ever report it to the court.

We may stop here; for it clearly appears from these

facts, that the defendant Almstedt has acquired no title to the note and deed of trust, and that the sale which he has caused to be made thereunder, in which he has become the purchaser, is null and void. A receiver is simply the officer of the court, very much as the clerk or the sheriff is. Except where his duties are defined by law, they are limited and circumscribed by the orders of the court by which he has been appointed, or under whose authority he acts. The possession of funds collected or held by him is the possession of the court. In general no discretion is allowed him as to any application or disposition of such funds ; but he holds them subject to the order of the court, and to be paid to whom the court shall adjudge. So completely ministerial are his duties, that he is frequently called the arm or the fingers of the court. See *Hooper* v. *Winston*, 24 Ill. 253, 266 ; *Johnson* v. *Guenter*, 6 Bush, 534 ; *Blunt* v. *Clitherow*, 6 Ves. 799 ; High on Rec., sect. 175.

It is true that modern courts have sanctioned payments made by receivers without express orders of the court, where such payments were either necessary or beneficial to parties interested in the estate. But no court, so far as we know, has ever sanctioned the act of a receiver in turning over, without previous order of the court, specific funds or assets of the estate, in payment of debts due by the estate, especially when the funds or assets so turned over were of a nominal value greatly in excess of the debt so intended to be paid or secured.

Being, then, of opinion that the defendant Almstedt had no title to the note and deed of trust, it seems clear that the plaintiff is entitled to the relief which he seeks, to the extent of having the sale under the deed of trust declared void. But he seeks also to have the note and deed of trust delivered up and cancelled as a cloud upon his title, on the ground that, when Jecko and Hospes, being the owners of the note secured by the deed of trust, acquired title to the property in fee through the sheriff's

deed, the interest which they acquired as owners of the note and under the deed of trust became merged in their fee simple title. This, it seems to us, is a misconception of the doctrine of merger in its application to titles to real estate. The rule at law is said to be inflexible, that where a greater and a less estate meet and coincide in the same person, and in one and the same right, without any intermediate estate, the lesser estate is immediately annihilated or merged ; and the same rule applies to the union of the legal estate with the equitable interest. But this rule can have no application to the case where the owner of a note secured by a deed of trust upon land, succeeds through another source to the title to the land in fee simple. There is here no union of estates. The ownership of the note does not give him an estate in the land, but merely a power, in the event of the non-payment of the note, to cause the land to be sold under the deed of trust. The legal title to the land, as conveyed in the deed of trust, is not in the holder of the note, but in the trustee. And, while assuming that the owner of the note holds the land by an indefeasible title, it might seem absurd for him to direct a sale of the same under the deed of trust, yet the continued existence of his power so to do, may become absolutely necessary for the protection of his rights. His fee simple title may turn out to be a worthless title, and it may become desirable for him to strengthen it by causing the land to be sold, and by becoming the purchaser of it under the deed of trust. It is upon such considerations that courts of equity proceed, in holding that a merger of estates does not take place, unless it is the intention or to the interest of the person in whom the estates unite, that it should take place. *Atkinson* v. *Angert*, 46 Mo. 515. This is a proceeding in equity, and hence a case for the application of this rule ; and there is no evidence in this record that it was either the intention or to the interest of

Jecko and Hospes that their acquisition of the property through the sheriff's deed, should merge and extinguish the deed of trust securing their note. But, however this may be, as the legal title conveyed by the deed of trust was in a third person, there was no such union of title as would create a merger. And even if it had been shown that it was the intention of Jecko and Hospes that there should be a merger, or that it was to their interest that a merger should take place, still it could not have taken place by mere act of law; for there was no union of estates in one and the same person, while the estate conveyed by the deed of trust remained outstanding in the trustee. *The State to use* v. *Koch,* 47 Mo. 582.

We have then to treat the deed of trust and note as a subsisting security to which some one may be entitled. Who is to be regarded as the owner of this security at the present time, does not appear from this record. That depends upon the course and termination of the proceeding in which Jecko held it as receiver. It may be that some one has an interest in its preservation, and therefore it is not proper that it should be cancelled.

Our judgment is that the judgment of the circuit court be reversed and the cause remanded, with directions to enter a decree setting aside and annulling the sale which has taken place under this deed of trust, and with directions to take such further proceedings as to the court may seem proper touching the ownership and disposition of the note secured by the deed of trust. It is so ordered. Judge BAKEWELL concurs ; Judge LEWIS is absent.