COLLINS, *Appellant*, v. STOCKING.

1. **Deed of Trust:** CONVEYANCE OF FEE: SATISFACTION. Where the grantor in a first deed of trust sells to a third person, who conveys the land to the beneficiary in consideration of the satisfaction of the deed of trust, the latter thereby becomes dead and useless for any purpose, and cannot be relied upon as a defense to an action of ejectment by one claiming under a second deed of trust.

2. ———: ———: ———.   Such conveyance of the fee by quitclaim deed will not operate as a satisfaction of the trust deed, where there is no evidence of an intention on the part of the parties to the quitclaim deed to cancel the trust deed and no evidence of satisfaction on the margin of the record.

3. ———: ———: ———: MERGER.   Such conveyance will not merge the equitable in the legal estate in the grantee, where there is an outstanding deed of trust on the land at the time of the conveyance, and will not preclude the latter or any one holding under him from protecting and defending his possession under the first deed of trust.

4. ———: ———: ———: EJECTMENT.   One in possession under an unperformed contract of purchase from the beneficiary in the first deed of trust may defend in ejectment by the beneficiary in the second deed of trust.

*Appeal from Holt Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*H. T. Alkire* and *T. C. Dungan* for appellant.

(1) The effect of the quitclaim deed from Ham to Irvine would be to satisfy and discharge Irvine's deed of trust and debt secured thereby, if that was the intention of Ham in making, and Irvine in taking, it. 1 Jones on Mort., sec. 855; *Champony v. Coope*, 34 Barb. 539. And as to what their intentions were, was purely a question of fact for the jury, to be determined by them from all the evidence, facts and circumstances in proof in the case. *Williamson v. Fischer*, 50 Mo. 198; *St. Vrain v. Levee Co.*, 56 Mo. 590; *Holliday v. Jones*, 59 Mo. 482; *Tutt v. Cloney*, 62 Mo. 116; *Cook v. Railroad*, 63 Mo. 398; *Kelly v. Railroad*, 70 Mo. 604; *Smith v. Hutchison*, 83 Mo. 683; *Brewington v. Jenkins*, 85 Mo. 57. (2) If by the terms of the contract between Ham and Irvine, it was agreed that Irvine should have possession of the land in controversy on condition that his, said Irvine's, deed of trust thereon was to be discharged, then the taking possession thereof by Irvine would be a payment and satisfaction of said Irvine's debt and deed of trust, and his lien would be extinguished and he would hold the land subject to Collins' debt and deed of trust. Jones on Mort., secs. 855–856; *Loome v. Wheelwright*, 3 Sandf. 157; *Gardner v. Astor*, 3 Johns. 53; *Aiken v. Railroad*, 37 Wis. 469. (3) And it was clearly the province of the jury, under the evidence, to determine what the contract and agreement was, between said Ham and said Irvine, and the court should have submitted the case to the jury on that issue. *Williamson v. Fischer*, 50 Mo. 198; *St. Vrain v. Levee Co.*, 56 Mo. 590. (4) The third instruction, asked for by plaintiff and refused, should also have been given,

as undoubtedly the legal title to the land in controversy was in plaintiff under the evidence; no attempt was made to show legal title in defendant, or anyone else by any evidence whatever, except the equity of redemption acquired under the quitclaim deed from Ham, which was subject to Collins' trust deed, and which was extinguished by the foreclosure sale. (5) In any event, defendant's possession could only constitute an equitable right; he was only a beneficiary under a deed of trust (and not a mortgagee) in possession. If out of possession, such beneficiary could not maintain a suit for possession, even against the grantor in his deed of trust. 1 Jones on Mort. (2 Ed.) sec. 39; *Barnum v. Cook*, 4 Mo. App. 590; *Siemers v. Schrader*, 88 Mo. 20. The legal title to the land was in the trustee, Roecker, and was held by him only for the purpose of enforcing payment of Irvine's debt as such beneficiary. 1 Jones on Mort. (2 Ed.) sec. 62; *Siemers v. Schrader*, 88 Mo. 20. And in order to defeat plaintiff's legal title and right of possession by any equitable right of defendant, such defense should have been distinctly pleaded and clearly proved. Here the defense was simply a general denial, and an equitable defense could not prevail. Sedgwick and Wait on Trial of Title to Land, secs. 485-6-7; *McCauley v. Fulton*, 44 Cal. 355; *Cadiz v. Majors*, 33 Cal. 288; *Milhollin v. Jones*, 7 Ind. 715; *Powers v. Armstrong*, 36 Oh. St. 357; *Kentfield v. Hayes*, 57 Cala. 409; *Carman v. Johnson*, 20 Mo. 108; *Harris v. Vinyard*, 42 Mo. 568; *Jones v. Manly*, 58 Mo. 559.

*L. C. Irvine* for respondent.

(1) Where the holder of the legal title becomes possessed of the equitable title, the legal presumption is against merger, where it is to the holder's interest to prevent merger, and this in absence of clear evidence of an agreement to the contrary. Bisph. Eq. (3 Ed.) sec.

160; *James v. Morey*, 2 Cowen, 246; *Compton v. Oxenden*, 2 Ves. Jun. 264. Merger cannot occur where there is an outstanding title, interest or claim in a third party intervening between the equitable and the legal title. (2) Defendant did not hold as grantee of said Ham's equity of redemption, but under contract with Irvine for a warranty deed, and as the representative of said Irvine in his capacity as " cestui que trust," in possession after the conditions of the trust deed had been violated; and his possession was the same as that of mortgagee in possession after condition broken. Respondent had the right and power to protect his possession by showing an outstanding title in Irvine's trustee, Roecker, better than appellant's title, and friendly to his own claim. *McCormick v. Fitzmorris*, 39 Mo. 24; *Hubble v. Vaughan*, 42 Mo. 138; *Meyer v. Campbell*, 12 Mo. 603-16; *Sutton v. Mason*, 38 Mo. 120; *Walcop v. McKinney*, 10 Mo. 229; *Howard v. Thornton*, 50 Mo. 291; *Jackson v. Magruder*, 51 Mo. 55; *Jones v. Mack*, 53 Mo. 147; *Honaker v. Shough*, 55 Mo. 472.

BLACK, J.—This is an action of ejectment for ten acres of land. The answer is a general denial. Both parties claim under Melvina Soper.

The defendant put in evidence a deed of trust from Melvina Soper and her husband to Albert Roecker as trustee, dated August 16, 1870, to secure a debt of that date for $186.50, payable to Clarke Irvine; a deed of general warranty from the Sopers to John Ham, dated March 3, 1874; a quitclaim deed from Ham to Clarke Irvine, dated January 1, 1877; and a contract of sale from Irvine to defendant Stocking, under which he took possession.

The plaintiff's title is a deed of trust from the Sopers to T. W. Collins, dated in April, 1872, to secure a debt of that date for $132.50, payable to Stephen

Collins, the plaintiff, and a deed to him by the trustee dated October 8, 1883.

It will be seen the defendant relies upon a deed of trust made by the Sopers to secure a debt of $186.50 to Irvine, which deed of trust is prior in date to that under which the plaintiff claims. The first contention of the plaintiff is that this Irvine deed of trust was paid by the Sopers. Irvine testified in positive and unequivocal terms that his debt had not been paid, though past due. It appears both of these deeds of trust covered other land than that now in suit. In March, 1873, the Sopers sold ten acres, not the ten now in suit, for one hundred dollars in cash and a note of two hundred dollars. This cash was paid to Stephen Collins on his debt, and the note was turned over to Irvine. Much reliance is placed on an extract from the evidence of Irvine by which he is made to say : "Soper turned me over a note for two hundred dollars on McIntyre on this debt, but not on that debt." Now his evidence is that Soper owed him other debts, and that the two hundred-dollar note was turned over on those other debts, and not on the mortgage debt of $186.50. Soper was a witness for the plaintiff and his evidence is that he owed Irvine other debts, and he does not claim or pretend to claim that this two hundred-dollar note went in payment of the mortgage debt. There is no evidence in the case showing or tending to show that the Sopers paid any part or portion of this mortgage debt, and all that contention on the part of the plaintiff is out of the case.

The next claim on the part of the plaintiff is that the quitclaim deed from Ham to Irvine operated as a satisfaction of Irvine's mortgage. The facts bearing on this question are these : The Sopers made the deed of trust to Roecker, trustee, to secure the debt to Irvine in 1870. In 1872 they executed the deed of trust to plaintiff, and then in 1874, conveyed the land to Ham, and Ham made a quitclaim to Irvine in 1877. Irvine says he knew of the sale by the Sopers to Ham, and that

Ham was to assume and pay off his debt; that Ham paid him eight bushels of potatoes at forty cents per bushel, that Ham came to him and said he could not pay the debt and wanted him to take the land, and that he agreed to do it and took the quitclaim deed. Irvine says he told Ham that he looked to the land for security, and that nothing was paid by Ham to him or by him to Ham.

It must be conceded that if the quitclaim deed from Ham to Irvine was made in satisfaction of the Irvine deed of trust, then Irvine and the defendant, who holds by contract from Irvine, cannot defend this case by setting up that deed of trust; for, if satisfied, it is dead and useless for any purpose. The satisfaction of the first deed of trust would let in the second deed of trust under which the plaintiff derives title. This would certainly be the result in an action at law. *White v. Todd*, 10 Mo. 190; *Joerdens v. Schrimpf*, 77 Mo. 383; *Atkinson v. Angert*, 46 Mo. 515.

The quitclaim deed contains the following recital in brackets, namely: "[This deed of quitclaim being made in release of and satisfaction of a certain deed— dated the —— day of —— 187—, recorded in the recorder's office within and for the county of —— aforesaid in deed book —— at page ——.]" This deed was doubtless made out on a printed form, and as the parties did not fill out these blanks, so as to give any meaning to the release clause quoted, the deed itself furnishes no evidence that it was made in satisfaction of the Irvine deed of trust. It rather indicates that such was not the intention of the parties. There is no evidence of a marginal satisfaction; nor is there any evidence tending to show an intention on the part of Ham and Irvine to cancel the deed of trust, lest it be the parol evidence of Irvine, and we think that evidence does not support such a claim.

It is a general rule that whenever a legal and equitable estate in the same land come to one person in the

same right, without an intervening interest outstanding in a third person, the equitable merges in the legal estate, and the latter alone remains subsisting. But Washburn goes on to say : "But if the conveyance be by a mortgagor to the first mortgagee, where there is a junior incumbrance upon the estate, the interest of the first mortgagee, as such, would not be affected by such union of interest in him. Whether it shall work a merger depends upon whether it is for the interest of the mortgagee." 2 Wash. on Real Prop. (5 Ed.) 202. Other text books assert the same principle. Tiedeman on Real Prop., sec. 321 ; Jones on Mortgages, sec. 848. And the principle will be applied by courts of law as well as of equity. *Tucker v. Crowley*, 127 Mass. 400. In this case there was an outstanding intervening interest,—a second deed of trust, —and it is manifestly for the interest of the first mortgagee that there should be no merger. Since then the first mortgage was not in point of fact satisfied, and there is no merger, the first mortgagee, and defendant holding under him, may protect and defend their possession under the first deed of trust.

The question whether an action of ejectment should be brought by the trustee as the beneficiary in a deed of trust given to secure a debt, there having been a default in the payment of the debt, is not involved in this case. That a beneficiary in a prior deed of trust may defend his possession against a junior deed of trust, made for a like purpose, we entertain no doubt. In this case the defendant being in possession under an unperformed contract for the purchase of the land from the beneficiary in the first deed of trust, his possession is in effect that of his vendor.

The plaintiff on the face of his own showing is endeavoring to get this land without paying off the prior deed of trust, and the law, as well as common justice, is against his demand. Had the court in terms directed a verdict for defendant, the judgment should not be disturbed. It is useless therefore to discuss the instructions. The judgment is affirmed. All concur.