WILLIAMS v. BROWNLEE, *Appellant.*

1. **Mortgage**: MERGER: SATISFACTION. Where one who has purchased swamp land from a county takes possession and executes a mortgage to secure school money borrowed from the county to pay the purchase price of the land, a deed subsequently given him by a commissioner appointed by the county to convey swamp lands to those who have paid the purchase money does not operate as a merger or satisfaction of the mortgage.

2. ———: FORECLOSURE : DEFECT OF PARTIES : REDEMPTION. In an action by the county to foreclose such mortgage failure to bring in as defendant a creditor whose debt is secured by a subsequent deed of trust on the land can have no other effect than to permit those claiming through a sale under that deed to redeem from the foreclosure.

3. **Deed by County**: RECITALS: PUBLIC SALE. A recital in a deed from a county that the county had appointed a commissioner to convey the land and that the grantee therein had become the purchaser and paid the price in full with interest does not tend to show that the land was sold to him privately, but is consistent with a public sale as required by Revised Statutes, 1879, section 7115.

*Appeal from Livingston Circuit Court.*—HON. JAMES M. DAVIS, Judge.

AFFIRMED.

Williams v. Brownlee.

*S. P. Huston* and *H. Lander* for appellant.

The deed from the county to Pace of July 11, 1876, operated as a merger of the legal and equitable title in Pace. 1 Jones on Mort., chap. 10, secs. 848, 859 ; *Jerome v. Seymour,* Harr. R. (Mich.) 357 ; *Bassett v. Hathaway,* 9 Mich. 28 ; *Agnew v. Railroad,* 59 Am. Rep. 237 ; *Tylor v. Brigham,* 3 N. E. Rep. (Mass.) 486 ; *Alkins v. Angert,* 46 Mo. 518. The holder of a note secured by mortgage devised to the owner of the equity of redemption held a release or cancellation of note. *Wead v. Gray,* 78 Mo. 59–66. This is not the case of acquisition of the equity of redemption by the mortgagee, where the mortgage will generally be kept alive at the election of the mortgagee. 1 Jones on Mort., sec. 870. (2) But if no merger took place, then the deed from the county to Pace (from mortgagee to mortgagor) of date eleventh of July, 1876, conveying "all the right, title, interest, estate, claim and demand that the said county of Linn has of, in and to the real estate above described" was, and is, a release, or an assignment of the mortgage to the mortgagor Pace. *Tyler v. Brigham,* 3 N. Eng. 486 ; 1 Jones Mort. [3 Ed.] sec. 859 ; 2 Jones on Mort. [3 Ed.] sec. 972, note 6 ; *Woodbury v. Aikin,* 13 Ill. 639 ; *Bassett v. Halloway,* 9 Mich. 28 ; *Somes v. Skinner,* 3 Pick. 51 ; *Alkins v. Angert,* 46 Mo. 515, 518. (3) The trial court clearly erred in permitting the parol evidence of Pace and Martin to establish a sale of swamp lands to Pace prior to 1871. County courts were required to order the sale of swamp lands. G. S. 1865, p. 278, sec. 3. County courts are courts of record, and their acts can only be known by their record. *Dennison v. County,* 33 Mo. 168.

*E. R. Stephens* for respondent.

(1) The legal title to the land in question was granted by the state of Missouri to Linn county, and the county by its commissioner, duly appointed by the

county court and authorized to convey the land to James Pace, the purchaser, did convey it to him, and said deed of conveyance is sufficient and valid. There is no evidence that the sale by the county to Pace was a private sale. And in the absence of any evidence to the contrary the presumption is that the officers and county authorities did their duty. But both the plaintiff and the defendant claim from and under James Pace, and neither can. be heard to say that the title was not vested in him. *Wilcoxon v. Osborn*, 77 Mo. 621; Bigelow on Estoppel [3 Ed.] pp. 283–284; *Charles v. Patch*, 87 Mo. 463; *Holland v. Adair*, 55 Mo. 40; *Brown v. Brown*, 45 Mo. 412; *Chouquette v. Barada*, 33 Mo. 249; *Fugate v. Pierce*, 49 Mo. 441, 449; *Swartz v. Page*, 13 Mo. 603. (2) The question of merger, insisted on by counsel for appellant, does not arise in this case. *Ficklin v. Stephenson*, 33 Mo. 341; *Rogers v. Tucker*, 94 Mo. 346, 351. The record evidence and the parol evidence of Pace and Martin show beyond question that no merger was intended. The intention of the parties as well as their acts must be considered. The mortgage debt was not paid, nor any part of it. And there is no recital in the deed from the county by Martin, commissioner, to Pace that the mortgage was paid or satisfied. 1 Jones on Mortgages [2 Ed.] secs. 848, 855, 856, 872; 2 Bouvier's Law Dict. [8 Ed.] p. 156; *Aiken v. Railroad*, 37 Wis. 469; *Morgan v. Hammett*, 34 Wis. 512, 524; 1 Wash. on Real Property [2 Ed.] p. 186; *Purdy v. Huntington*, 42 N. Y. 334. (3) The statute then and now in force expressly authorized the conveyance in the manner the deed to Beckett was executed. G. S. of Mo. 1865, sec. 4, p. 444; 1 R. S. 1879, sec. 671, p. 110; 1 R. S. 1889, sec. 2398, p. 611. And the deed from the county by B. A. Jones, commissioner, contains proper recitals to show his appointment and authority to act. But no question is raised in that regard by appellant. The deed, however, would have been good without any recital of his appointment if he acted as commissioner. *Henry v. Atkins,*

50 Mo. 266. (4) Nothing short of an actual payment of the debt itself, or an express release, will operate as a discharge of the mortgage lien. *Lippold v. Held*, 58 Mo. 213. (5) The defendant has neither the legal title to, nor any equitable interest in, the land in controversy. The deed of trust under which he purchased was subsequent to the mortgage to the county and when the defendant purchased at the trustee's sale the county had already re-acquired the title under the foreclosure proceedings. (6) It is submitted that upon the whole record the judgment is clearly for the right party, and that no error was committed by the trial court against the interest of the defendant affecting the merits of the action, and therefore the judgment should be affirmed. 1 R. S. 1889, sec. 2303, pp. 590–591 ; *Valle v. Picton*, 91 Mo. 207 ; *The State ex rel. v. Edwards*, 78 Mo. 473, 478 ; *Miller v. Graham's Adm'r*, 41 Mo. 509

BLACK, J.—This is an action of ejectment to recover one hundred and twenty acres of land in Linn county. The defendant claims no interest in forty acres of the land sued for ; so that the controversy is over eighty acres. The case was tried in Livingston county on a change of venue and without a jury. Defendant appealed.

The evidence discloses these facts : The land was a part of the swamp land belonging to and duly conveyed to Linn county. In 1856 the county sold the same to James Pace, but made no deed to him at that time, though he took possession. To pay the balance of the purchase price, Pace borrowed school moneys from the county, and to secure the payment thereof, executed to the county a mortgage on the land, dated the sixth of March, 1871. The county, by its commissioner, Geo. N. Martin, conveyed the land to Pace by a deed dated the eleventh of July, 1876. This deed contains a recital that Martin was appointed commissioner by an order of the county court, made at its

February term, 1871, to convey swamp and overflowed lands to the purchasers upon payment of the purchase money ; that James Pace purchased the land in suit on the twenty-fifth of February, 1876, at the price of two hundred and forty-six dollars, and that he had paid the purchase price. As before stated this deed is dated the eleventh of July, 1876.

After the date of the mortgage, and before the date of the commissioner's deed, namely, on the ninth of August, 1873, Pace executed a deed of trust on the property to secure a debt owing by him to Thomas D. Price, and the defendant Brownlee became the purchaser at a sale made under this deed of trust in 1881.

In 1879, the county commenced a suit in the circuit court to foreclose the mortgage executed to it by Pace, dated the sixth of March, 1871, and such proceedings were had that the mortgage was foreclosed. The county became the purchaser at the sale made under the decree of foreclosure and received a deed dated the tenth of June, 1880. The county, by B. A. Jones, commissioner, conveyed the property to Thomas B. Beckett by a deed dated May 16, 1881, and Beckett conveyed to plaintiff by a deed dated the third of February, 1884.

Pace testified that he purchased the land in 1856, took possession and paid interest on his notes given for the purchase price ; that to pay these notes he borrowed the school money and executed his mortgage to the county. The evidence of the commissioner Martin is that Pace paid for the land out of the school moneys, borrowed from the county, and he says he does not know what caused the delay in the execution of the deed to Pace ; that the land was sold to Pace before he went into office as county clerk, which was in 1871. From this evidence of Pace and Martin, it is perfectly clear that the recital in the deed made by Martin as commissioner that the land was sold to Pace on the

twenty-fifth of February, 1876, is a mistake, and it is also clear that the sale occurred back in 1856.

The county, it will be seen, held a mortgage from James Pace, dated the sixth of March, 1871, securing school money loaned him, and, on the eleventh of July, 1876, the county, by commissioner Martin, conveyed the land to Pace. The claim of the defendant is, that the commissioner's deed either merged the whole title in James Pace, or must be held to operate as a satisfaction of the mortgage. There is no basis for either claim. This is not a case where the mortgagor, or one claiming under him, conveys the property to the mortgagee in payment of the mortgage debt. A merger takes place in such cases, unless there is an intervening interest outstanding in a third person. *Collins v. Stocking*, 98 Mo. 290. But, as just stated, this is not such a case. Here the mortgage to the county shows upon its face that it was given to secure the payment of school moneys borrowed by Pace from the county. The commissioner's deed shows on its face that it was made pursuant to a sale to, and the payment of the purchase price by, Pace. The commissioner had no power to assign or transfer the school mortgage, nor did he have anything to do with it. The deed made by him simply perfected the title in Pace, subject to the mortgage. On the face of these deeds there can be no merger or satisfaction of the mortgage. The powers of the commissioner are set forth in the deed made by him, and from these it will be seen that he simply undertook to convey the land to Pace, because the latter had paid the purchase price.

But, when we come to look at the transaction in the light of the other evidence, there is nothing whatever upon which to found a claim of merger or satisfaction of the mortgage. Pace purchased the land in 1856. In 1871, he borrowed the school money to pay the purchase price, and then gave the mortgage. A

deed should have been made to him at that time, but the delay cannot prejudice the county. There was, it is true, no record evidence introduced of the sale to Pace, save the recital in the deed to him, but it was competent for him to state under what claim he went into possession, and the further proof is that there were no sales made of swamp lands after 1871.

Thomas D. Price, the beneficiary in the second deed of trust executed by Pace, was not made a defendant in the suit prosecuted by the county to foreclose the first or school mortgage. It is possible that the failure to make Price a party would allow those claiming under his deed of trust to redeem, but the failure to make him a party can have no other effect. It constitutes no defense to this action of ejectment.

The remaining question is as to the validity of the deed from B. A. Jones, commissioner, to Thomas B. Beckett, dated May 16, 1881. The objection made to this deed is that it shows a sale of the land at private sale, whereas the sale should have been a public one. The land was first sold and conveyed under the swamp-land laws to Pace. He then mortgaged it to the county to secure the loan from the school fund, and the county acquired title under a foreclosure of this mortgage. There is, therefore, much to be said in favor of the proposition that a resale should be made under section 7115, Revised Statutes, 1879. Under that section the lands thus purchased may be resold "in such manner and on such terms, at public sale, as said court may deem best for the interest of said school or schools." Recitals in the deed show that the county court, at its March term, 1881, made an order, appointing Jones commissioner, to convey the land to Beckett upon the payment in full of the purchase money, with all interest that may be due thereon, to the treasurer, and that Beckett became the purchaser of the land, and had paid the purchase price with all the interest due thereon.

There is nothing in the deed which shows, or tends to show, that the land was sold at private sale. The recitals lead to the conclusion that the land had been before sold, and the commissioner was appointed to make a deed upon the payment of the purchase price. The deed and all of its recitals are perfectly consistent with the fact that the land had been sold at a public sale. No other evidence was offered on the subject, and the objection was properly overruled. The court might well have instructed, on the case presented, that the judgment should be for the plaintiff, and, this being so, it is useless to consider the instructions in detail.

The judgment is affirmed. All concur.