THE SALVATION ARMY, Appellant, v. ARTHUR H. PENFIELD, Respondent.

**Kansas City Court of Appeals, December 6, 1909.**

**VENDORS: Purchase Money: Devise of Land, Extinquishment of Debt.** If one purchases land by written contract, pays part of the purchase price and promises to pay the balance at a certain time, the vendor then to make a deed conveying title, and before such balance of purchase money is paid the vendee dies leaving a will whereby she devises the land to the vendor and he accepts the devise, he thereby cancels the claim for purchase money.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

AFFIRMED.

*Peter J. Carolus* and *Brown & Dolman* for respondent.

(1) When Mrs. Greenard wrote these letters, paid the $300 and took possession of the land she became indebted to the Salvation Army in the sum of $2,000, payable in installments at the several times fixed in the letters. These amounts constituted an indebtedness which could have been collected by suit at law as they became severally due and payable according to the terms of the contract. For "it is a settled principle that, if a day be appointed for the payment of money, or part of it, and the day is to happen before the thing which is the consideration of the money or other act is to be performed,

an action may be brought for the money . . . for it appears that the party relied on his remedy, and did not intend to make the performance a condition precedent." And "it is unjust to take possession of land, under a contract of sale, retain it, receive the rents, and yet refuse to pay the purchase money." Smith v. Busby, 15 Mo. 387; Hoffman v. Columbia, 51 Mo. 175. (2) In this case the vendee not only paid her money and took possession of the land under the contract, but her executor since her death has recognized the contract by demanding that the rents be paid to him. The real defense in this case is the old, much abused and highly unsatisfactory doctrine of satisfaction in equity, sometimes called ademption. This is to the effect that where a legacy is given by a debtor to his creditor, it will, if it equals or exceeds the amount of the debt and is of the same nature, and there is no particular motive for the gift, be deemed a satisfaction of the debt. 2 Story's Equity Jurisprudence (13 Ed.), sec. 1119.

*Rusk* and *Stringfellow* and *Vories & Vories* for respondent.

(1) Plaintiff cannot recover in this case upon an alleged written contract said to have been lost, because the evidence shows it was not lost, but was placed in the hands of another party, without intending to deliver it. The delivery of a written instrument is just as essential as signing it. 1 Beach on Modern Law of Contracts, p. 66, sec. 50, and cases cited. (2) Plaintiff cannot recover in this case, even though an attempted delivery was made, and the instrument lost, by disclosing only part of the terms of the contract. If the written contract was lost, plaintiff should have introduced evidence showing all the terms thereof. The general rule of law is that whenever the equitable and legal estates in land unite at the same time in the same person, without the intervention of an intermediate estate, instantly and immediately merger takes place. 2

Washburn, Real Property (5 Ed.), pages 202-204; 2 Pomeroy, Equity (1 Ed), p. 247; sec. 789; 16 Encyclopedia of Law and Procedure, p. 665-669. (3) This principle is generally recognized by the appellate courts of our State. Wead v. Gray, 78 Mo. 59; Bassett v. O'Brien, 149 Mo. 381; Hayden v. Brock, 157 Mo. 88; Chrisman v. Linderman, 202 Mo. 605. (4) A vendor claiming a lien on land for a part of the purchase money due, and purchasing the same sold on execution, subject to said lien, thereby extinguishes the debt, as claimed as a lien. Murphy v. Elliott, 6 Blackford 482; 20 Encyclopedia of Law (2 Ed), 596; Donk v. Alexander, 117 Ill. 330; Boos v. Morgan, 130 Ind. 305. (5) The general rule of law, as recognized by all authorities is that whenever the equitable and legal estates in land unite at the same time in the same person, without the intervention of an intermediate estate, instantly and immediately a merger takes place. 2 Washburn, Real Property (5 Ed.), pp. 202, 204; 2 Pomeroy, Equity (1 Ed), p. 247, sec. 789; 16 Encyclopedia of Law and Procedure, pages 665-669. Which rule is repeatedly recognized by the courts of this State. (6) But there are many cases almost exactly similar in principle with the case at bar. "Where a judgment constitutes a lien on land, the union of the judgment and the land upon which it is a lien in the hands of one person, merges or extinguishes the judgment." 20 Encyclopedia of Law (2 Ed), p. 596; Donk v. Alexander, 117 Ill. 330; Boos v. Morgan, 130 Ind. 305. (7) A vendor claiming a lien on land for a part of the purchase money due, and purchasing the same sold on execution, thereby extinguishes the debt, so claimed as a lien. Murphy v. Elliott, 6 Blackford 482; 2 Pomeroy, Equity (1 Ed), sec. 790.

ELLISON, J.—This action was instituted to recover the balance of the purchase price of certain real

estate in Colorado.   The judgment in the trial court was for the defendant.

The facts necessary to an understanding of our decision are that plaintiff is a charitable and religious society and that Mary R. Greenard purchased by contract of sale certain real estate from such society for the price of $2,300.   Of this sum she paid in cash $300 and was to pay the balance of $2,000 in installments.   She entered into possession.   She died without paying the balance.   She left a will appointing defendant executor of her estate and devising to plaintiff the land which she had bought of plaintiff and for the balance of the purchase price of which plaintiff brought this action.

We conclude that the judgment for defendant should be sustained for the following reasons:   Mrs. Greenard only had an equitable title to the land, that is to say, she had, in effect, a title subject to the payment of $2,000 balance of purchase money.   It was such title she passed over to the plaintiff by her will, and when plaintiff accepted it, it accepted the land subject to a charge of $2,000, unpaid purchase money. Plaintiff is not entitled to the land unincumbered, for the will did not attempt to transfer such an estate. If the debt for balance of purchase money had been held by some third party, plaintiff, of course, in order to keep the land, would have been compelled to pay it off; and it would have had no claim back on Mrs. Greenard because she did not warrant anything.   The circumstance that plaintiff itself is the vendor and holds the claim for the purchase money, does not give it any greater right.   If plaintiff desired to hold on to its claim for balance of purchase money as a subsisting debt against Mrs. Greenard's estate, it should have refused the devise in the will.   If plaintiff be allowed to accept a devise of a limited estate—an estate on which purchase money is unpaid—and then compel the devisor's representative to pay the purchase money, it will, by that means, obtain a clear title in fee simple when

an encumbered title was all that was devised. So we conclude that plaintiff makes a case in defendant's favor. We have not been cited to a case bearing directly on the question here presented. The cases of Chrisman v. Linderman, 202 Mo. 605; Hospes v. Almstedt, 13 Mo. App. 270; Clift v. White, 12 N. Y. 519, and others in the briefs of each party on the doctrine of merger, do not seem to meet the peculiar nature of the present controversy.

The judgment is affirmed. All concur.