STATE OF MISSOURI TO THE USE OF FRANCIS HAFKEMEYER, Appellant, *v.* JOHN McKELLOP, JOSHUA CHEEVER, WILLIAM GRAMM, EDWARD SCHLICHTING, AND EDWARD R. BATES, Respondents.

*Practice—Party—Execution—St. Louis County.*—Under the provisions of the statute "concerning the duties of sheriff in St. Louis county," of March 3, 1855, and March 14, 1859, the beneficiary in a deed of trust of personal property may file his claim with the sheriff, and sue upon the bond taken. He is a party in interest under the statute. See R. C. 1865, ch. 160, secs. 28 & 29.

*Appeal from St. Louis Court of Common Pleas.*

*E. C. Kehr*, and *Cline & Jamison*, for appellant.

I. Hafkemeyer had the right to claim the property, and the sheriff was authorized to demand the bond in question. The only person excluded from making claim to the property levied on is the defendant in the writ. Every other person having an interest in the property may claim the same.

The statute does not require the legal owner to claim the property levied on, but any person having "any interest therein" may claim the same. The term "any interest therein" is certainly sufficiently comprehensive to embrace any right, whether legal or equitable, which may be acquired to personal property. Sec. 3 says that the claimant shall describe the property and "state his interest therein"; also sec. 2 of amendatory act. Can it be said that the cestui que trust in a deed of trust to personal property has "no interest in such property?"—Act concerning duties of sheriff, &c., in the county of St. Louis, and approved March 3, 1855, and amendatory act approved March 14, 1859; also section 4 of same act.

*Knox & Smith*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

This was an action on a bond given under the law specially applicable to St. Louis county, entitled "An act con-

cerning the duties of sheriff and marshal in the county of St. Louis, in relation to the levy and sale of such property under execution or attachment as may be claimed by third persons."

The petition alleged that on the 23d day of February, 1861, one Lohman was indebted to Hafkemeyer, the appellant, in the sum of three certain promissory notes, and that, for the purpose of securing the payment of the said notes, Lohman made, executed and delivered to Theodore Kroschel, as trustee, his certain deed of trust conveying personal property therein described, for the use and benefit of Hafkemeyer; that on the ninth day of October, 1861, William Gramm and Edward Schlichting instituted suit by attachment in the St. Louis Court of Common Pleas against said Lohman, and that under color of the writ issued therein to John H. Andrews, sheriff of St. Louis county, the property in the said deed of trust was levied upon to satisfy the same; that Kroschel, the trustee, refused to claim the same, although often requested so to do by Hafkemeyer, the beneficiary in the deed, and that thereupon the cestui que trust (Hafkemeyer) claimed, and notified the sheriff in writing, according to the statute, that he held the deed of trust on said property; whereupon the sheriff required a bond of the plaintiffs in the attachment suit, which bond was given in due form, with McKellop as principal and his co-respondents as securities, which is set forth in the petition; a breach is then assigned, and a prayer for judgment.

Respondents filed an answer charging fraud in the transaction, putting in issue the good faith of the deed of trust under which Hafkemeyer claimed the goods, and also denied the identity of the goods seized with those conveyed.

The cause was tried and a judgment rendered for the appellant. Respondents then filed their motion in arrest of judgment, alleging that the claim was not made in compliance with law; that it should have been made by the trustee and not the cestui que trust. This motion the court sustained on the ground that appellant had nothing but an

equitable interest in the goods seized, and dismissed the suit.

The case is here on appeal. The court assumed that the legal title was in the trustee, and no one but him could maintain the action. In a deed of trust conveying personal property, the whole beneficial interest is in the *cestui que trust*, and he is substantially the owner, though the naked legal title is for convenience vested in the trustee.

The local act under which the claim was made provides that any person who has any interest in the property may claim the same. If the deed was valid, the appellant had an equitable interest, and he was the only person who really did have an interest, as no other person was named in the deed as a beneficiary—Winkelmeier v. Weaver, 28 Mo. 359. He was the real party in interest and if he is precluded from bringing his suit, and through the obstinacy, refusal to act, or connivance with the adverse party, the trustee will not permit his name to be used, he will then stand in the attitude of a party having an undeniable right, but no remedy, a thing which the law will not endure.

The case should have stood on its merits; it was of no consequence to the respondents whether the action was prosecuted in the name of the trustee or *cestui que trust*; the making the former a party, at best, would be purely formal. The motion in arrest should have been overruled.

Reversed and remanded. The other judges concur.