THE STATE OF MISSOURI, TO USE OF FRANK PETERS, Appellant, *v.* LOUIS KOCH *et al.*, Respondents.

1. *Attachment, claim for property under — Act of 1855 — Deed of trust, beneficiary in, party in interest.* — The beneficiary in a deed of trust of personal property is a party in interest, under the act of March 3, 1865, "concerning the duties of sheriff in St. Louis county" (Gen. Stat. 1865, ch. 160, §§ 28-9), and may file his claim with the sheriff and sue upon the bond taken.

2. *Conveyances — Deed of trust — Sale — Merger.* — The grantee of personal property under a deed of trust does not forfeit his title under the deed by reason of the fact that the same property is afterward transferred to him by an absolute bill of sale which is void because not followed by a change of possession. (Wagn. Stat. 281, § 10.) The title under the deed does not merge in that acquired by the sale. The legal title under the deed was in the trustee, and the subsequent sale was only that of an equity.

*Appeal from St. Louis Circuit Court.*

*E. C. Kehr*, for appellant.

The sale did not cancel or satisfy the previously existing deed of trust. 1. The bill of sale was not taken or intended as payment or satisfaction of the deed of trust; on the contrary, it was founded on a new and distinct consideration. 2. Eichmann having remained in possession, the sale was void (Wagn. Stat. 281, § 10); whereas the deed of trust, being acknowledged and recorded, was valid by section 8 of the same act. (Howell v. Bell, 29 Mo. 137-8.) 3. The deed of trust did not merge in the bill of sale, because, (*a*) To constitute merger there must be a union of two estates in one person. Here the deed of trust put the title in Wagner and the bill of sale in Peters. Under the deed of trust, Peters claimed as *cestui que trust;* whereas under this bill of sale he holds an estate at law in his own right. (*b*) To constitute merger there must be a greater and less estate; here the estates are of equal degree. (*c*) The estate created by the bill of sale being void, it could absorb nothing; and hence the basis for a merger was wanting. (*d*) Merger is a technical doctrine of the law, applicable alone to real estate, and not to personal property.

*F. & L. Gottschalk*, for respondents.

It appears that plaintiff, Peters, first took a deed of trust from Eichmann, and afterward purchased absolutely the same property from Eichmann. Under such circumstances the deed of trust merged in the sale, and plaintiff could not bring his action on the deed of trust. He left Eichmann in possession of the property after such sale to him, and therefore creditors of Eichmann had a right to attach.

WAGNER, Judge, delivered the opinion of the court.

Eichmann was indebted to Peters in the sum of $170, and, to secure the same, executed a deed of trust on certain furniture in his house. The deed of trust was regularly recorded. Subsequently the respondent Koch sued out an attachment against Eichmann, and caused the property conveyed by the deed of trust to be levied upon and sold. The trustee named in the deed of trust declining to act, Peters filed his claim under the sheriff's and marshal's act, applicable to St. Louis county, and thereupon the sheriff took from the respondents an indemnifying bond conditioned to make good to Peters all damages arising from the levy and sale of the property. This suit was instituted upon the bond so taken. Upon the trial the existence of the debt, and good faith in the execution of the deed of trust securing the same; the insolvency of the debtor; the levy and sale under the attachment of the property covered by the deed, and the value thereof, were clearly proved.

The main defense set up in the answer and relied on was that Peters and Eichmann combined and conspired together to delay, hinder and defraud the creditors of Eichmann, and for that purpose and with that intention Eichmann conveyed and Peters accepted a conveyance of the personal property, and that Eichmann still remained in possession and was the owner of the property. This related to an absolute sale made subsequent to the deed of trust; and as it constituted new matter, and no reply was filed, it must be taken as confessed. The court, at Special Term, gave judgment for the plaintiff; but this judgment was reversed at

General Term, and the plaintiff brings the case here for review.

That the plaintiff, as the real party in interest in the deed of trust, had a right to give the notice and make the claim to the property when seized by sheriff, is established by the decision in State, to use, etc., v. McKellop *et al.*, 40 Mo. 184 ; and the only question, therefore, is whether the new matter set up in the answer constituted a full and valid defense. It is true, there was evidence given going to show that the sale was fair and honest, but yet the pleadings did not deny the averment in the answer, and it is admitted that no change of possession followed the sale. This fact of itself, under our present statute, would make the sale void as to creditors, and the plaintiff does not set up any claim or assert any right in consequence of the second sale.

The retention of possession, however, does not avoid his right to recover under the deed of trust, for the statute expressly provides that where a mortgage or deed of trust on personal property is acknowledged or proved and recorded, the property may be retained in the possession of the mortgagor or vendor. The only issue presented is the right of the plaintiff to recover the debt secured by the deed of trust. The position is taken by the defendants — and we suppose it was upon that theory that the court at General Term acted — that the second sale to Peters constituted a merger of both titles in one, and that, as the second sale was void because no change of possession took place, therefore his rights under both claims were gone. But we can not assent to this doctrine. There is no question about the entire validity of the deed of trust. The debt secured by it was in full force and vigor.

Merger is the extinguishment, by act of law, of one estate in another by the union of the two estates. But even had the second sale been good and passed what rights Eichmann had remaining in him in the property to Peters, still it would not have amounted to a merger. The legal title was in the trustee, and the subsequent sale was only of an equity. Peters, if the sale had been good, would only have taken an equitable interest whilst the legal title was outstanding in the trustee. Under such circumstances it is obvious there could be no merger. Peters never claimed

under the second sale, but relied wholly upon the first, about the validity of which there can be no doubt, and I think there can be no question as to his right to recover. This view effectually disposes of all the points made by the instructions.

It results, therefore, that the judgment of the General Term must be reversed and that of the Special Term affirmed. The other judges concur.