# MARYLAND REPORTS.

## OCTOBER TERM, A. D., 1884.

THOMAS FURNESS and others, trading as THOMAS FUR-
NESS & Co. *vs.* DAVID W. R. READ, GEORGE P.
CRONISE and DANIEL MALONE,

*Bond to dissolve Attachment—Amendment of proceedings—*
*Release of Sureties.*

An attachment was issued against the property of a non-resident,
to recover freight claimed to be due the plaintiffs, as owners of a
steamship. The defendant gave bond with sureties, as required by
the Code, and the attachment was dissolved. At the trial of the
short note case, on motion of the plaintiffs and against the objec-
tion of the defendant, sixteen other persons, part owners of the
steamer, were made co-plaintiffs, and upon issues joined in the
case as thus amended, judgment was recovered against the defend-
ant. In an action on the bond to recover the amount of this judg-
ment, it was HELD:

That the amendment which made new parties plaintiffs, and changed
the nature and character of the claim itself, thus depriving the
defendant of the benefit of defences which he otherwise might
have taken, released the sureties on the bond.

APPEAL from the Superior Court of Baltimore City.

This case was tried before the Court, (STEWART, J.,)
without the aid of a jury, upon an agreed statement of
facts, and the pleadings. The case is sufficiently stated
in the opinion of this Court. The Superior Court ren-
dered a verdict for the defendants, and entered judgment
on the verdict. The plaintiffs appealed.

1                    v. 63.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*George Leiper Thomas,* and *John H. Thomas,* for the appellants.

*Robert H. Smith,* and *Archibald Stirling, Jr.,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The facts in this case are simply these—An attachment was issued at the instance of Thomas Furness, Christopher Furness and William Gray, trading as Thomas Furness & Co., against the property of David W. R. Read, a non-resident, to recover freight claimed to be due them as owners of the steamship Boston City, on a cargo of iron ore, from Benisaf, Africa, to Baltimore.

Read, the defendant, gave bond as required by the Code, with George P. Cronise and Daniel Malone as sureties, and the attachment was dissolved.

At the trial of the short note case, on motion of the appellants, plaintiffs below, and against the objection of Read, the defendant, sixteen other persons, part-owners of the steamer trading together as such in partnership, and employing the firm name of Furness & Co. in charter parties, were made co-plaintiffs; and upon issues joined in the case as thus amended, judgment was recovered against Read for $3,601.70.

This suit is brought on the attachment bond, the breach assigned being the non-payment of the judgment thus recovered; and the question is whether the sureties on the bond are liable for the payment of this judgment?

No principle is better settled, than that a surety on a statutory bond, has a right to stand on the very terms of his contract, and his liability will not be extended beyond the fair import of the words used. His liability is one

not to be extended by implication, nor will it be inferred
that he has agreed to do more than that which is fairly
expressed in the bond : "To the extent, and in the man-
ner, and under the circumstances pointed out in his con-
tract, he will be held bound, but no further." What then
are the terms, and the circumstances under which this
bond was executed? The bond on its face recites, that
whereas Thomas Furness, Christopher Furness and William
Gray, trading under the firm name of Thomas Furness &
Co., had sued out an attachment against the property of
Read, and whereas the defendant was desirous to dissolve
said attachment, on giving bond with security as required
by law, "Now the condition of the above obligation is
such, that if the said defendant shall satisfy any judg-
ment that shall be recovered in said case against him,
then the said obligation shall be void."

The obligation was to pay any judgment that might be
rendered in *a suit brought by Thomas Furness, Christo-
pher Furness and William Gray, trading as Thomas
Furness & Co., plaintiffs,* against David W. R. Read.

The judgment for the non-payment of which this suit
is brought, is not one rendered in favor of the original
plaintiffs, Thomas Furness & Co., the attaching creditors,
but one rendered under an amended state of the pleadings,
by which all the *part-owners of the ship are made plain-
tiffs,* all of whom had an interest in the freight, to recover
which the attachment was issued. As the suit was origi-
nally brought, the plaintiffs, Thomas Furness & Co., could
not have recovered at all, because it is well settled, that
where the contract is joint, either by agreement or by
implication, as where the part-owners are general partners
or *quasi* partners in the particular adventure, they must
sue together. *Parsons on Shipping and Admiralty,* 117,
(note); *Abbott on Shipping,* 115. Not only were new
parties made plaintiffs, but the nature and character of
the cause of action was in itself changed. It was no longer

a suit to recover freight due to Furness & Co., but to recover freight due to all the part-owners of the ship, and to which each was entitled to an interest.

Besides this the amendment affected the defences of Read himself, because if he had a set-off against Furness & Co., the original plaintiffs, he could not plead it against the part-owners of the ship.

But the appellants it was argued, had the right to amend the titling, by making new parties plaintiffs, and the contract on the part of the sureties, must be construed therefore as referring to any judgment that might be rendered in the case, as thus amended. No one questions their right to amend by making all the part-owners of the ship plaintiffs, or even to amend the action itself from one form to another. This right is expressly conferred by the Code. But although this may be done as between the parties to the suit, such amendment cannot operate to alter, change or enlarge the liability of the sureties on the attachment bond. They have the right to stand on the terms of their contract, and when they have agreed to become responsible for any judgment that may be recovered in a suit by *Furness & Co.*, on a cause of action claimed to be due to *them as a firm*, to insist that their agreement does not embrace a judgment recovered in the suit as amended, by which sixteen other persons are made plaintiffs, and the cause of action itself changed from a claim due the original plaintiffs as a *partnership*, to one due to all the *part-owners of the ship.* Such they have a right to say was not their agreement. The judgment thus recovered is not one, for the payment of which they agreed to become responsible.

A number of cases were cited, in which the question of the liability of sureties on attachment bonds has been considered by Courts in other States. All these cases recognize and adopt the general principles stated in a former part of this opinion; and the inconsistency, if any

there be in the decisions, arises from the application of these principles to the statutory provisions of the several States, and the ever-varying circumstances of each particular case. *Leonard vs. Speidel,* 104 *Mass.,* 356; *Christal vs. Kelly,* 88 *N. Y.,* 286; *Poole vs. Dyer, et al.,* 123 *Mass.,* 363; *Campbell vs. Brown,* 121 *Mass.,* 516; *Sanderson vs. Stevens,* 116 *Mass.,* 133; *Sutro, et al. vs. Bigelow, et al.,* 31 *Wisconsin,* 527; *Fullerton vs. Campbell,* 25 *Penna.,* 346; *Andre vs. Fitzhugh, et al.,* 18 *Michigan,* 99; *Quillin vs. Arnold,* 12 *Nevada,* 238; *Jaycox vs. Chapman,* 10 *Benedict,* 517; *Richards vs. Storer,* 114 *Mass.,* 101.

We shall not extend this opinion by a review of these cases. It is sufficient to say, that none of them are inconsistent with the conclusion we have reached in this case, or the grounds on which it is based. We rest our decision on the ground, that the amendment made by the appellants, not only made new and different parties plaintiffs, but changed the nature and character of the claim itself, and thereby deprived the defendant of the benefit of defences which he otherwise might have made. Under such circumstances, the sureties on the attachment bond cannot be held liable for a judgment not within the terms of their contract, and for the payment of which they never agreed to be responsible.

*Judgment affirmed.*

(Decided 19th December, 1884.)


BRYAN, J., dissented.