SIEMERS *et al.*, *Appellants*, v. SCHRADER *et al.*

1. **Deed of Trust** : SALE : TITLE. A sale under a deed of trust where it has not been advertised for the time required by such deed, passes no title.

2. **Mortgagee** : TRUSTEE : EJECTMENT. A mortgagee, in the absence of an agreement to the contrary, may maintain ejectment for the mortgaged premises, after breach of the conditions, and so, it seems, may also a trustee in a deed of trust.

3. **Ejectment** : CESTUI QUE TRUST. The *cestui que trust* in a deed of trust to secure the payment of a debt, cannot maintain ejectment after condition broken.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Thos. A. Russell* and *E. P. Johnson* for appellants.

(1) The acceptance of the contract by Virginia Brault from Siemers, she being in possession, estopped her and those claiming under her, from disputing Siemers' title. *Jackson v. Ayres*, 14 Johns. 224; *Tyler on Ejec.* 166; *Pratt v. Canfield*, 67 Mo. 53; *Walker v. Sedgwick*, 8 Cal. 403. (2) The introduction of the tax deed made under an assessment against Siemers in evidence estopped them from disputing his title after the

tax sale. *Rumfelt v. O'Brien*, 57 Mo. 569; *Brown v. Brown*, 45 Mo. 412; *Pease v. Lawson*, 33 Mo. 35. (3) Siemers having purchased the premises at a sale under a deed of trust, although the sale might not. have been regular, it transferred to him the note secured by the deed of trust, and he could maintain this action by virtue of such ownership, he being the real party interested. (4) He could maintain ejectment for the premises independently, of the trustee. *Rogers v. Gosnell*, 51 Mo. 466; *McComas v. Ins. Co.*, 56 Mo. 573; 47 Mo. 582; 40 Mo. 184; 28 Mo. 358.

*Pattison & Crane* for respondents.

(1) The trustee's deed was a nullity; it appearing upon its face that the notice of sale had not been published for the requisite number of days. *German Bank v. Stumpf*, 73 Mo. 311; *Johnson v. Douglas*, *Ib*. 168. (2) The tax deed offered by respondents was properly admitted in evidence. Laws 1872, p. 130, sec. 222; *Spurlock v. Dougherty*, 81 Mo. 171; *Pillow v. Roberts*, 13 How. 472. (3) A claim of title which cannot be set up by a person while in possession, cannot be set up by another person who comes into possession under him. *Pratt v. Canfield*, 67 Mo. 53.

HENRY, C. J.—On December 18, 1868, Virginia Brault and H. K. Burch executed and delivered a deed of trust conveying the property in dispute to Barr's trustee, to secure a note for three hundred dollars, made by them to Barr. Afterwards said note became the property of plaintiff, who, in 1870, by an instrument in writing, agreed with Virginia Brault to sell, without any unnecessary delay, the real estate in controversy, under said deed of trust, and purchase it, and to convey it to her, on payment to him of money named in said agreement as having been paid by him for her and Burch, and

further agreeing that he would not convey or dispose of the property to any one else, within two years from the date of the instrument. This was signed by Siemers alone, but was delivered by him to Virginia Brault. Subsequently, in 1872, the property was advertised for sale under said deed of trust, and Siemers purchased it and received a deed therefor from the trustee, but the sale was not advertised for such a length of time as the trust deed required, and he acquired no title to the property by that deed.

After that sale he conveyed an undivided half of his interest in the premises to his co-plaintiff, Johnson, and they instituted this suit in ejectment to recover the possession of the premises against Schrader, a tenant of Chambers, who, on his own application, was made a party defendant. Chambers purchased the property at a sale for taxes in 1882, and in 1876, Virginia Brault and Burch, and Nancy Bonner, to whom said agreement between Siemers and Virginia Brault had been assigned by the latter, conveyed the property to Chambers by quit-claim deed. Defendant had a judgment in the circuit court which, on appeal to the court of appeals, was affirmed, and plaintiffs have prosecuted an appeal to this court.

Siemers acquired no title by the purchase at the trustee's sale. The requisite notice of the sale was not given, and it is scarcely necessary to cite authorities for the proposition, that a conveyance under such a sale passes no title. By his written agreement he stipulated that he would acquire the title by a sale under the deed of trust, but his attempt to do so was abortive, and nothing has since occurred, so far as is disclosed by this record, to invest him with the legal title. A mortgagee, in the absence of an agreement to the contrary, may maintain ejectment for the possession of the mortgaged premises, after breach of the condition. Jones on Mortgage, sec. 702. But plaintiffs, as owners of the debt secured by

the deed of trust, have only the same equitable interest in the trust property which the payee of the note had. The title was not conveyed to the holder of the note, but to a trustee ; and while a deed of trust to secure a debt is, in legal effect, a mortgage, yet it has not all the legal incidents of a mortgage. There is a marked distinction between them in some respects. In the case of a mortgage, the beneficiary is also the grantee in the deed, having in himself the legal title, whereas, in a deed of trust, the beneficiary is not, but another is, the grantee. The beneficiary has but an equitable title. In some cases the beneficiary in a deed of trust may recover possession, even from his trustee ; but those are cases in which the trustee holds solely for the use and benefit of the beneficiary, and no one else has any interest in the trust property.

But in a deed of trust to secure a debt, the grantor still has an interest in the property, and in the due and proper execution of the trust by the trustee who represents the interests of both parties. He has, in the first instance, a voice in the selection of the person to whom he will convey the property in trust. It has never yet been held in this state, in a case involving that precise question, that even the trustee in such a deed can maintain an action of ejectment to recover the premises. In the case of *Johnson v. Houston et al.*, 47 Mo. 227, the argument and remarks, in the opinion delivered by Judge Bliss, seem to recognize the right of the trustee to recover possession after breach of the condition ; and I cannot see why he may not, since the legal title is conveyed to him, as to the mortgagee in a mortgage. But no case in which the beneficiary in a deed of trust was held to have that right has been cited, nor have I been able to find one. He cannot, in any sense, be regarded as having the legal title. Another person, by the express terms of the deed, has the legal title, and it would be an anomaly if the beneficiary were permitted to main-

tain an action of ejectment. The decisions in the cases of *State to use, etc., v. McKellop et al.*, 40 Mo. 184; *Winkelmaier v. Weaver*, 28 Mo. 358, and *The State to use of Peters v. Koch*, 47 Mo. 582, cited by appellants' counsel, were all controlled by a local act concerning the duties of sheriff and marshal of St. Louis county, authorizing any one *having an interest in the property* to set up a claim, and the court held that, under that statute, a beneficiary in a deed of trust of personal property, could make the claim. This view of the case renders it unnecessary to consider the questions relative to the tax deed, and the quit-claim deed, under which Chambers claims title. The judgment is affirmed. All concur.