BASSETT, Appellant, v. O'BRIEN et al.

### Division Two, May 9, 1899.

1. **Merger of Estates:** IN LAW: DEFINITION. When a greater estate and a less coincide and meet in one and the same person, in one and the same right, without any intermediate estate, there is a merger in law.

Bassett v. O'Brien.

2. ———: INTERVENING ESTATE: CURTESY: MORTGAGE. Where a wife is owner of land and she and her husband join in conveying it by mortgage to secure money borrowed from the guardian and curator of their children, and she dies, the surviving husband takes a vested life estate in the property, and, hence the mortgage which the children held in the property did not merge into the fee which descended to them from their mother at her death, since such curtesy is an intervening or intermediate estate between the wife and the children's fee.

3. ———: ———: ———: ———: FORECLOSURE. And a sale of the property under such mortgage conveys to the purchaser the entire title to the land, including the husband's curtesy.

4. ———: IN EQUITY: ELECTION TO KEEP MORTGAGE ALIVE. The rule of law governing the merging of estates is the same in equity, with the modification that in equity a person may become entitled to an estate subject to a charge for his own benefit, and if he choose can hold the estate and keep the charge alive, and in such case it becomes a question of intention in the person in whom the two interests are vested. So that, if children, by inheritance, take from their mother an estate upon which she has placed a mortgage for their benefit, and she dies, and thereby their father is vested with a curtesy, they have the right to keep alive the mortgage and remove the curtesy by having the estate sold to pay the debt due them.

5. ———: ———: CONVEYANCE TO TRUSTEE. But where the husband and wife conveyed the estate to a trustee to secure the payment of money belonging to the curator of their children's property, no legal title was thereby vested in the children, but when the debt became due and the wife dies, the legal title was in the trustee upon condition broken, and only the equitable title descended to the children, and as a legal estate never merges into an equitable one, there was no union of the two estates in the children.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

JAMES F. PITT for appellant.

(1) The deed executed by Mrs. Thornton to the guardian of her children, contemplated in law the contingency of her death. It contemplated that upon the happening of that event the law would cast the fee upon the children. This

she could not prevent except by a will.    The transaction contemplated also that in the event of her death her personal estate would still be liable, and that the note might be collected from the father alone.    It is clear that when the mother died there was a merger of the deed of trust.    It was to the interests of the children that there should be a merger, and the guardian, in the absence of an order of court, was as powerless in this case to deal with the fee of his wards as in any other.    (2)    There can be no such thing as a foreclosure upon an estate by the curtesy independent of the fee, either before or after Mrs. Thornton's death.    So that the trustee's sale for lack of power and authority in the guardian to request or direct it, passed nothing.    Bartlett v. O'Donoghue, 72 Mo. 563; Rust v. Goff, 94 Mo. 511.    (3)    Conceding that the trustee's sale operated to pass the husband's curtesy, still the demurrer should not have been sustained, for the reason that both plaintiff and defendant, in the transaction at bar, intended to deal with the fee, and this mutual mistake of mixed law and fact would entitle the plaintiff to relief. Griffith v. Townley, 69 Mo. 13.    (4)    The ruling was bottomed upon the proposition that the fee passed, that the power given the guardian to collect the debt, the contractual relation entered into upon the signing of the deed, superseded the law of descents and of wills; that the fee was in Claggett, as trustee, and the power in Hall as payee of the note to require a sale, which two things being true, all other facts were immaterial.    If that is the law of this case, the demurrer was properly sustained.    On the other hand, if it is the law that Mrs. Thornton could not, except by a will, prevent the fee passing to her children, then the judgment should be reversed.

BENJAMIN PHILLIP for respondents.

(1)    At the time the trustee's sale occurred, these children had an estate as mortgagees; they also had an estate as

the heirs of their deceased mother.    But between these two estates was the life estate of their father, which prevented a merger.    1 Jones on Mortg. (4 Ed.), sec. 848; Collins v. Stocking, 98 Mo. 295.    (2)    The doctrine of merger springs from the fact that when the entire equitable and legal estates are united in the same person there can be no occasion to keep them distinct, for ordinarily it could be of no use to the owner to keep up a charge upon an estate of which he was seized in fee simple; but if there is an outstanding intervening title, the foundation for the merger does not exist and as a matter of law it is so declared.    Stantons v. Thompson, 49 N. H. 273; 1 Jones on Mortg. (4 Ed.) 848; Hunt v. Hunt, 4 Pick. (Mass.) 384; Hospes v. Almstedt, 13 Mo. App. 270. (3)    Until the deed of trust executed by Mrs. Thornton and her husband was foreclosed, Mr. Thornton held a life estate in the land, which he was entitled to enjoy, mortgage, sell, or dispose in any manner in which he saw fit.    He had joined with his wife in the deed of trust to Claggett and the beneficiaries surely had a right to foreclose it in order to obtain the title to the life estate as well as to the fee.    (4)    Even if there was no intervening life estate, no merger would have resulted from the facts in this case.    It is not true, as we have so far assumed, that a beneficiary in a deed of trust is a mortgagee.    The mortgagee holds the legal title to the property conveyed.    The beneficiary in a deed of trust has no title at all.    The legal title is in the trustee.    Siemers v. Schrader, 88 Mo. 20. . (5)    Upon Mrs. Thornton's death the most that could have passed to her heirs was her equitable title.    The equitable and legal titles were thus in different persons and the two estates were in consequence kept apart.    Hospes v. Almstedt, 13 Mo. App. 270; Peters v. Koch, 47 Mo. 584; Siemers v. Schrader, 88 Mo. 20.

GANTT, P. J.—This is an appeal from a final judgment sustaining a demurrer to the petition.

The petition is in these words:

"Plaintiff states that on the 4th day of May, 1896, defendant O'Brien, claiming to own and intending to convey the fee in the premises hereinafter described, executed and delivered to plaintiff a general warranty deed of that date, by which he by the terms thereof purported to grant, bargain and sell and convey to plaintiff, his heirs and assigns, lots 1 and 2 in block 54 of St. Joseph Extension Addition, an addition to the city of St. Joseph, Buchanan county, Missouri, in consideration of the sum of $2,000, and that defendant covenanted expressly in said deed that he had good right to convey; that said premises were free of incumbrances done or suffered by him or those under whom he claimed, and that he would warrant and defend the title to the same; that plaintiff intending to purchase the fee in said premises and believing that he would obtain the same, paid said consideration as hereinafter stated.

"And plaintiff says that there were breaches of said covenants implied and expressed in said deed in this, to wit, that at the date of said deed said defendant O'Brien had no right to convey said premises and was not at that time nor has he since become seized or possessed of any estate whatsoever in said lands.

"That plaintiff has paid in cash upon said consideration the sum of four hundred dollars.

"And, further, plaintiff says that on the 21st day of May, 1889, the title to the premises aforesaid was in Susan Thornton; that said Susan died on the ——— day of January, 1890, leaving as her children and heirs, Reuben O., Hanna M., Phoebe and Lulu Thornton, all minors, and children by her husband, Charles A. Thornton, who also survived her; that at the time of the death of the said Susan,

James M. Hall was the duly appointed and qualified guardian and curator of said children, and continued in office until after the trustee's sale hereinafter mentioned.

"That on the 20th day of June, 1889, Susan Thornton and Chas. A. Thornton, her husband, executed and delivered to said James M. Hall, a deed of trust of that date, upon the premises aforesaid, to secure to said Hall a note for the sum of one thousand dollars, with C. B. Claggett named therein as trustee, said note representing a loan made by said Hall of the funds of said minors and the estate in his hands as such curator; that said deed of trust was foreclosed at the request and by the direction of said Hall, acting as guardian and curator, on the 10th day of January, 1891, and that at such foreclosure sale defendant O'Brien became the purchaser of said premises, and received a deed from the trustee, which said trustee's deed bears date. January 10, 1891, and through and by which only defendant O'Brien claims any title to said premises.

"That on the 21st day of February, 1890, said Charles A. Thornton, after the death of said Susan, and prior to the date of the trustee's sale aforesaid, executed and delivered a deed of that date to Charles F. Keller, in trust for the grantor and said minors and said Charles A. Thornton is still living.

"And, further, plaintiff says that negotiations between plaintiff and defendant for sale and purchase of said premises were conducted through and by said Zeidler as the agent of defendant O'Brien and it was agreed between plaintiff and said agent that plaintiff would purchase said premises if the title in fee to said O'Brien should be approved by plaintiff's attorney upon an examination of an abstract of the title to said premises; that thereupon said agent undertook to and did furnish to plaintiff's said attorney an abstract, and said attorney, after examining the same, certified to plaintiff that the title shown was good, and thereupon, relying upon the

facts shown in said abstract and the certificate of his said attorney, plaintiff took and paid for the deed aforesaid.

"And plaintiff says that said abstract was false and misleading in this, that it did not disclose the death of said Susan Thornton; that a sheet of paper which did disclose that fact had been taken out of and separated from said abstract at the time it was furnished to plaintiff's said attorney, and said attorney passed upon and examined said title without knowledge of the fact of the death of said Susan Thornton, and plaintiff did not discover that his attorney had been so misled until after he had taken the deed as aforesaid; that said Zeidler, at the time of furnishing said abstract to said attorney, did not know that said paper or sheet was missing, or that said abstract did not contain and show all facts necessary to ascertain the true state of the title of said defendant O'Brien.

"And plaintiff further says that at the time of receiving the warranty deed aforesaid, he, plaintiff, executed and delivered to said O'Brien, his certain promissory note of the same date, for the sum of one thousand dollars, a deferred payment in part of said consideration, and to secure the same he also executed and delivered to the said O'Brien, a deed of trust upon said premises with John M. Stewart named therein as trustee; that said promissory note is negotiable and now in the hands and possession of the defendant Zeidler, as the agent and holder of the same for the benefit of the defendant O'Brien, with power to negotiate or otherwise dispose of the same for the benefit of said defendant; that said note is in form as follows:

" '$1,000.00 St. Joseph, Mo., May 4, 1896.

" 'One year after date I promise to pay Wm. A. O'Brien or order, one thousand dollars for value received, with 7 per cent interest per annum from date, until paid; the interest to be paid semi-annually; if not, to become as principal and bear the same rate of interest.

" 'Harry D. Bassett.'

"And plaintiff says that in consideration of the premises the note aforesaid is wholly without consideration.

"Wherefore, plaintiff brings into court and tenders his deed of quitclaim to said premises, executed by himself and wife to said defendant O'Brien, and prays that said note may be delivered up and canceled, and that said defendants O'Brien and Zeidler or either of them, be enjoined from transferring, assigning, or in any manner disposing of or changing the present possession of said note, and that upon payment of four hundred dollars in cash, and the cancellation of the note aforesaid, his said deed of quitclaim be delivered to said O'Brien, and that he may have all further and proper relief."

The demurrer is in these words:  "Come now the defendants in the above entitled cause and demur to plaintiff's amended petition, for the following reasons, to wit:

"Because said amended petition does not state facts sufficient to constitute a cause of action against defendants or either of them.

"Because said petition shows upon its face that the defendant O'Brien had perfect title to the property described therein at the time he conveyed the same to plaintiff.

"Because, the fact that a paper attached to the abstract mentioned in said petition, showing the death of Mrs. Thornton, was removed therefrom, if it was removed, or the fact that Mrs. Thornton was dead, did not in any way affect the validity of the title to said property."

I.    It is apparent that the petition is bottomed upon the proposition that O'Brien obtained no title by his purchase of the lots under the trustee's sale and deed made at the request of the guardian and curator of Mrs. Thornton's heirs in pursuance of the conditions of the trust deed executed by her and her husband to secure a note for $1,000, borrowed by her and her husband from the guardian and curator of her children of moneys belonging to them and in his hands as

guardian, and that in consequence of such invalidity, a breach of O'Brien's covenant of title to plaintiff had occurred and a rescission is asked because the abstract of title did not disclose Mrs. Thornton's death.

The invalidity of defendant's title is predicated entirely upon the proposition that when Mrs. Thornton died the mortgage held by the guardian for the minor children merged into the fee which descended to them from their mother, subject to their father's estate by the curtesy for his life.

Upon the conceded facts, did a merger take place when Mrs. Thornton died?   Assuming that Mrs. Thornton's children were the actual mortgagees, as it was their money loaned by their guardian to their mother, for which she executed the mortgage, still it must be borne in mind that the petition alleges that Mrs. Thornton was a married woman; that these children were born of the marriage to their father, and that their mother died seized of the property and their father survived their mother and was still living when the suit was brought.   An estate by the curtesy was thus created in the father, and upon their mother's death a life estate in the father intervened between them and their inheritance in fee.   This estate by the curtesy consummate is a vested legal estate for life.

Mergers are not favored either in courts of law or of equity.   [Simonton v. Gray, 34 Me. 50; James v. Morey, 2 Cowen, 246.]   Merger at law is defined to be "When a greater estate and a less coincide and meet in one and the same person, in one and the same right, without any intermediate estate."

The rule in equity is the same as at law with this modification that at law it is inflexible whereas in equity it is clear that a person may become entitled to an estate subject to a charge for his own benefit and if he choose can hold the estate and keep the charge alive.   It becomes a question of intention in the person in whom the two interests are vested.

To this it may be said all the cases are agreed.    [Forbes v. Moffat, 18 Ves. 389; Compton v. Oxenden, 2 Ves. Jr. 263; Gardner v. Astor, 3 Johns. Ch. (N. Y.) 53.]

In this case it is urged as a matter of law that upon the death of Mrs. Thornton and the descent cast upon her three children a merger resulted, which extinguished their beneficial interest secured by the mortgage.

This contention ignores the estate of their father by the curtesy, which became consummate by the death of their mother and intervened and prevented the vesting in possession of the mortgaged lands.   No clearer case of the interposition of an intervening estate to prevent what might otherwise be a merger, can be found than is the one presented by this record.

Viewing it from the standpoint of equity, must it be presumed that it would be the intention of the children to merge the estates?   Would it have been to their interest?

The father's curtesy unquestionably existed and was mortgaged.

The children or beneficiaries had the right to keep alive this mortgage to remove this curtesy by having it sold to pay the debt due to them.    Neither at law or in equity can it be said a merger was effected.    [Stantons v. Thompson, 49 N. H. 272; 1 Jones on Mortgages (4 Ed.); sec. 848, and cases cited.]

But while we have assumed that the children of Mrs. Thornton, the real beneficiaries in the deed of trust, were mortgagees so far as the intervening curtesy affected the questions at issue, as a matter of fact and law no legal title whatever vested in them by the execution and delivery of the deed of trust.    The legal title was in the trustee Claggett upon condition broken.    [Siemers v. Schrader, 88 Mo. 20; Hospes v. Almstedt, 13 Mo. App. 270; State to use v. Koch, 47 Mo. 582-584.]

The equitable title subject to the mortgage with condition broken descended to the heirs.    There was no union of

title in the heirs of Mrs. Thornton, as the legal title was outstanding in the trustee Claggett, and the equitable title in her heirs.

While an equitable estate will merge into a legal estate, all other requisites being present, it is a maxim of the law that a legal estate never merges into an equitable one.

By the statutes of this State guardians are required to invest the moneys of their ward if possible on prime real estate security. The care and maintenance of the estate of his wards is committed to the guardian and curator. He may direct a sale to collect the moneys due his wards. He is under bond for the faithful discharge of his duties.

In this case the guardian directed the sale. O'Brien purchased at the sale and there is nothing to impeach the sale. The sale and deed conveyed the legal title of the land.

Plaintiff took O'Brien's title and the heirs have not questioned it.

The fact that plaintiff did not know of Mrs. Thornton's death did not affect the title he bought. The circuit court correctly sustained the demurrer, and adjudged that the petition stated no cause of action.

Judgment affirmed. SHERWOOD and BURGESS, JJ., concur.