ARTHUR S. TOWNSEND ET AL. *v.* L. J. APPEL
SONS., INC.

[No. 114, October Term, 1932.]

*Decided February 17th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Clater W. Smith* and *Roszel C. Thomsen,* with whom was *Walter L. Clark* on the brief, for the appellants.

*Arthur R. Padgett,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

A nonresident debtor's attachment was issued out of the Baltimore City Court by the appellee, L. J. Appel Sons, Inc., against Arthur W. Townsend and Walter J. Townsend, by which the sheriff of Baltimore seized "1 Brockway Truck, Penna. License Y-11037". A petition was then filed by Arthur S. Townsend and the said Walter J. Townsend, copartners, to quash and set aside the attachment, on the ground that the property attached was their property, as copartners, and not subject to attachment. *Gilpin v. Somerville,* 163 Md. 40, 161 A. 272. The court, on the hearing of the petition overruled the petition to quash, holding that Walter J. Townsend's one-third interest in the truck was not that of a partner, and was therefore subject to attachment, and it is from this action of the court the claimants appeal.

The appellants contend that the truck so seized is the partnership property of Arthur S. Townsend and Walter J. Townsend, and not subject to attachment for the debts of one of the partners. It is not disputed that the truck is owned by Arthur *S.* Townsend (who is not the Arthur W. Townsend named as defendant in the attachment) and Walter J. Townsend, his brother; their respective interests being two-thirds and one-third.

The appellee's contention is that the appellants own the truck in common, and that it is not partnership property, and their respective interests, therefore, subject to attachment or execution for their individual or personal debts and liabilities. If there was nothing in the case but the mere ownership of the truck, the appellee's theory would be correct. It appears from the evidence that the appellants owned the truck, which they used in a trucking or delivery busi-

ness, hiring a driver, Arthur S. Townsend managing the business, keeping the books and distributing the net proceeds, two-thirds to himself and one-third to his brother. They are not designated as partners and did not use a trade-name, but their relations and the course of their dealings were such as are common to transactions between partners. The nature of the business had all the earmarks of a partnership business. It is inconsistent that the business may be viewed as a partnership, while the property, fixtures and appliances used in the conduct of the business and held in the same proportions as the division of profits and managed by one of them is not partnership property. It would hardly be contended that, if the title and insurance policy had been in the names of the owners as "Townsend Brothers," or some other such designation commonly importing a partnership, as generally understood, this contention would be made. When the facts show all of the attributes and incidents of a business conducted by two persons for profits distributed in proportion to their respective interests in the property used in and necessary to the prosecution of the business, it is as much a partnership as if so designated in the usual way, or in formal articles of partnership, unless it be otherwise agreed or understood. Whether a partnership exists is always a matter of fact, which must depend on the real intention and contract of the parties. In *Thillman v. Benton,* 82 Md. 64, 73, 33 A. 485, 486, after reviewing the English decisions defining a partnership, the opinion by Chief Judge Robinson said: "We take it, then, to be well settled that a partnership is a contract of some kind involving mutual consent of the parties, and when such a contract is entered into between two or more persons for the purpose of carrying on a trade or business, with the right to participate in the profits of such trade or business, then such a contract constitutes a partnership, unless there be other facts and circumstances which show that some other relation existed." All of the incidents of a partnership indicated in this definition are present in the instant case, "with no other facts or circumstances" show-

ing the existence of "some other relation." A partnership is now defined in this state by statute (Code art. 73A, sec. 6) as "an association of two or more persons to carry on as co-owners a business for profit." *Southern Can Co. v. Sayler,* 152 Md. 303, 311, 136 A. 624, 627; *Bryant v. Fitzsimmons,* 106 Md. 421, 424, 67 A. 356.

Can a creditor of one partner attach his interest to satisfy the debt? This question is so completely answered by section 25 (c), article 73A, of the Code, Uniform Partnership Act, that no other citation is necessary; the remedy being purely statutory. It is there provided that "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership."

But the appellee says the appeal should be dismissed because the question has become moot. Incorporated in the record is a petition of the Brockway Motor Truck Corporation of Philadelphia, claiming possession of the truck here involved under a "lease agreement" for default in the payment of certain installments by the appellants. An order granting the prayer of the petition was passed, effective when the petitioner should file a bond in twice the amount of the appraised value of the truck. The petition and order were both filed after the order appealed from in this case was passed and after the order for this appeal was filed. What was done in the case by a third party after the adjudication of the controversy between the parties to this appeal is no part of the record, and will not be considered.

This court being of the opinion that the truck was the partnership property of the appellants and the appellee's claim against but one of them and his interest not subject to attachment, the order appealed from should be reversed.

*Order reversed, with costs.*