L. J. APPEL SONS, INC., ET AL. *v.* STATE, USE OF
ARTHUR STEPHEN TOWNSEND, ET AL.
[No. 39, October Term, 1934.]

*Decided December 14th, 1934.*

The cause was argued before BOND, C. J., URNER,
ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Arthur R. Padgett,* for the appellants.

*Walter L. Clark* and *Roszel C. Thomsen,* with whom was
*Clater W. Smith* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

L. J. Appel Sons, Inc., a corporation, caused to be
issued out of the Court of Common Pleas of Baltimore

City an attachment for unliquidated damages against Arthur *W.* Townsend and Walter J. Townsend, upon filing a bond in the penalty of $1,000, with John J. Appel and A. Frederick Schlee as sureties thereon, for which a new bond was substituted later with the wives of the original sureties, Anna M. Appel and Lena Schlee, respectively, joined as sureties (Code art. 9, sec. 44), and property of Arthur *Stephen* Townsend and Walter J. Townsend, a partnership, was wrongfully seized to satisfy the attachment against Arthur *W.* Townsend and Walter J. Townsend. See *Townsend v. L. J. Appel Sons, Inc.,* 164 Md. 255, 164 A. 679.

The attachment bond was given to the State of Maryland in the form prescribed by Code art. 9, sec. 39, conditioned that, "if the said L. J. Appel Sons, Inc., shall prosecute their suit with effect, or in case of failure thereof, shall well and truly pay and satisfy to the said Arthur W. Townsend and Walter J. Townsend and any other persons interested in these proceedings all such costs of said suit and all such damages as he or they shall or may suffer or incur by reason of the wrongful suing out of said attachment, then the above obligation to be void; otherwise to remain in full force and effect."

After the decision in *Townsend v. L. J. Appel Sons,* 164 Md. 255, 164 A. 679, the appellees, who were the successful claimants of the property seized, brought suit, in the name of the State of Maryland for their use, on the attachment bond, resulting in a judgment in their favor, from which the attaching creditor and its sureties appealed.

The original suit between L. J. Appel Sons, Inc., and Arthur W. Townsend and Walter J. Townsend was entered "agreed and settled," from which the appellants argue that there has been no breach of the bond and therefore no action can be maintained by the obligees (2 *Poe, Pl.* and *Pr.,* sec. 236), and that therefore there is no liability to any one under the conditions of the bond. The appellee's contention is that it runs to a third party injured in the execution of the writ of attachment under

the condition that the principal shall "pay and satisfy to the said Arthur W. Townsend and Walter J. Townsend and *any other persons interested in these proceedings all such damages as he or they shall or may suffer by reason of the wrongful suing out of said attachment,*" and it is agreed that the decision on this appeal depends on the construction of the condition here italicized, with reference to one whose property has been wrongfully seized.

Under an attachment bond it has been uniformly decided that an action can only be maintained by the defendant in the original suit, unless the bond is so conditioned as to run to others not named, who may be damaged. As stated in 3 *Enc. Pl. and Pr.* 639, with respect to bonds generally: "The rule is drastic at common law that only the obligee or his personal representatives could sue on a bond." The same rule is applied to the ordinary bond in attachment cases, though, the proceeding being statutory, the extent of liability, as well as the validity of the attachment, depends on the compliance with the statute. *Hodge and McLane on Attachment,* sec. 213; *McLuckie v. Williams,* 68 Md. 262, 12 A. 1. The appellants rely in their brief on the statement of the rule in *Drake on Attachments* (7th Ed.) sec. 162, that " the bond is not required for the protection of the officer executing the attachment nor for the indemnification of a third party whose property may be wrongfully attached, but simply for the benefit of the party against whom the writ issues." 6 *C. J.* 503, 504; note to *Burton v. Knapp,* 14 Iowa, 196, 81 Am. Dec. 465; *Furness v. Read,* 63 Md. 1. Inasmuch as the remedy by attachment is purely statutory (for history in this state see *Gomborov on Attachment,* 1), the rights of those affected must depend on the construction of the statutes involved.

The question presented has not been heretofore decided by this court. In the case of *Davis v. Commonwealth,* 13 Grat. (Va.) 139, the bond was conditioned for "the payment of all costs and damages which might be awarded against the plaintiff or sustained by any person by reason

of his suing out the attachment." In the suit by a third party whose property had been wrongfully taken, it was held that the surety on the attachment bond was not liable.

In *Omaha National Bank v. U. S. Fidelity & Guaranty Co.*, 244 Ill. App. 204, the bond was conditioned for the payment of "all such costs in said suit, and such damages as shall be awarded against said Ellery Motors Company * * * in any suit or suits which may hereafter be brought for wrongfully suing out said attachment." The statute in Illinois (Smith-Hurd Ann. St. c. 11, sec. 4) required the filing of a bond "conditioned for satisfying all costs which may be awarded to such defendant, or to any others interested in said proceedings." See, also, *First State Bank v. Clark*, 202 Ill. App. 283. In *State v. McKellop*, 40 Mo. 184, an indemnity bond had been required of the plaintiff by the sheriff. Held, that the claimant of property attached could sue as *cestui que trust* of the state.

As stated, the exact question of the liability on an attachment bond to third parties has not been before this court, but in *Howard v. Oppenheimer*, 25 Md. 350, 363, it was said that "this condition [of the bond] is broad enough to cover the costs to any other persons interested in the proceedings, beside the defendant, who could sue for their use." In 2 *Poe's Pl.* and *Pr.*, sec. 581, a highly respected authority in this state, it is said: "Like all such bonds, according to our Maryland practice, it is to be given to the State as obligee in order that in the event of a breach it may be sued on by any person injuriously affected by the issuing of the attachment, and it must be filed by the clerk and carefully preserved. The condition should be so stated as to make the bond liable not only to the defendant for costs and damages, but also to all other persons interested in the proceedings."

The appellants contend that the words "suing out of said attachment" relate only to the initial proceedings, the filing, docketing, and issue of the papers, and that only those who are then interested have recourse against the

bond. Such a construction would give to the words "other persons interested in these proceedings" no meaning at all, as there is no one except the plaintiff interested in an attachment, not even the defendant, until there is a levy or seizure of property under it. To give this statutory provision of an attachment bond any other construction would render it meaningless and unworkable, and therefore invalid. There may be cases wherein the trespass might be that of the sheriff or other levying officer alone, but, as that question is not presented, it will not be here discussed.

As the bond in this record, in our opinion, does run to the appellees, the judgment appealed from should be affirmed.

*Judgment affirmed, with costs.*