## Yett et al. v. Osterneck

*Norris, Bell, Lex, Hart & Eldredge,* for plaintiffs.
*L. A. J. Robbins,* for defendant.

FLOOD, J., February 25, 1947.—George Yett and Rose Yett, partners doing business in Vermont as the George Yett Bag Company, have brought this action in assumpsit against defendant, Samuel Osterneck, to recover the sum of $5,227.75, the contract price of goods sold and delivered, with interest thereon. Subsequent to the service of summons, defendant filed a bill of complaint in Common Pleas Court No. 5 of Philadelphia County against George Yett, individually, praying for an accounting and for damages of $7,500 for an allegedly tortious violation of an agreement between Yett and Osterneck for the joint purchase of certain real estate in Vermont. On the same day defendant caused the issuance of writ of foreign attachment in these proceedings, under which the sheriff proceeded to attach the amount owed to plaintiff partnership in the hands of defendant as garnishee. Defendant then filed an affidavit of defense in this action expressly admitting the indebtedness of $5,227.75, but in new matter denying his liability to pay it on the ground that, by virtue of the aforementioned attachment, the said moneys are in custodia legis and he, Osterneck, is a mere stakeholder thereof. The bill of complaint and directions to the sheriff in those proceedings were incorporated in this affidavit of defense. Plaintiffs thereupon filed a rule for judgment for the amount admitted to be due, namely $5,227.75, with interest on $1,532.75 from January 15, 1946, and with interest on $3,695 from February 9, 1946, and also filed a reply raising questions of law.

The issues raised by the pleadings and the argument on the rule for judgment are: (1) Whether or not a foreign attachment of an individual partner's interest on a debt owed to the partnership is valid, (2) whether or not the institution of foreign attachment proceedings prevents entry of judgment in this action prior to determination of such proceedings, and (3) whether or not, under the facts as stated, the sufficiency of the affidavit of defense and new matter may be raised by a

rule for judgment for amount admitted to be due and by a reply raising questions of law.

1. Section 25 (2) (c) of the Uniform Partnership Act of March 26, 1915, P. L. 18, 59 PS §72, provides: "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership". The sheriff here attached the interest of George Yett in the account admittedly owed by Osterneck to plaintiff partnership for goods sold and delivered. This was an attempt to attach an individual partner's interest in specific partnership property within the apparent meaning of the above-quoted provision. Defendant argues, however, that this section of the Uniform Partnership Act is not controlling here, and that the writ of foreign attachment was properly issued under the provision of the Act of June 13, 1836, P. L. 568, 12 PS §2862. In support of this position he relies upon *Rankin v. Culver* et al., 303 Pa. 401. The distinction between that case and the one before us is clear. There no attempt was made to attach defendant's interest in specific partnership property, but only to attach his interest in the partnership, namely his share of the profits, whereas here the writ purported to reach one partner's interest in a specific debt owed to the partnership. The distinction between these two interests of a partner is clearly recognized by the Uniform Partnership Act of 1915 in section 24-26. It has been specifically held in other jurisdictions which have adopted the Uniform Partnership Act that neither attachment execution nor foreign attachment may reach an individual partner's interest in specific partnership assets: Metropolitan Cas. Ins. Co. of N. Y. v. Cimino, 108 N. J. L. 243, 157 Atl. 152; Townsend et al. v. Appel Sons, Inc., 164 Md. 255, 164 Atl. 679; Rader v. Goldoff et al., 228 N. Y. Supp. 453; Sherwood v. Jackson, 121 Cal. App. 354, 8P. (2d) 943.

2. However, although for the reasons mentioned above we are of the opinion that the foreign attach-

ment proceedings instituted in this case were of no legal efficacy, it is not necessary nor is it in our province finally to decide that issue. That is the concern of the court in which the foreign attachment is pending. Yet even if the attachment proceedings were valid, this court would not be powerless to render judgment in this action. The pendency of such proceedings is not a bar to an action by the creditor against the garnishee, nor has it the full effect of a plea in abatement; at most, it is to be considered by the court in moulding the judgment or in stay of execution: Brown et al. v. Scott, 51 Pa. 357, 362; Kase v. Kase, 34 Pa. 128, 131; Hanscom v. Chapin, 27 Pa. Superior Ct. 546, 547-48.

3. Defendant finally urges that plaintiffs have not properly raised the legal sufficiency of the new matter in the affidavit of defense, contending that the proper procedure is a reply to the new matter and an attack on the sufficiency of the affidavit of defense by a rule for judgment for want of a sufficient affidavit of defense, or a motion for judgment on the pleadings, rather than the combination of a reply raising questions of law and a rule for judgment for amount admitted to be due. In effect what plaintiffs have actually filed is a rule for judgment for want of a sufficient affidavit of defense, rather than a rule for judgment for amount admitted to be due, since they have asked us to enter judgment for the entire amount of the claim rather than for only a portion of it which has been expressly admitted by the affidavit of defense without qualification. We do not think that they should be denied judgment if otherwise entitled to it merely because they have given their rule the wrong name, or because the reasons assigned to show the insufficiency of the affidavit of defense appear not in the rule itself but in the reply raising questions of law which was filed at the same time.

It has also been held that a rule for judgment for want of a sufficient affidavit of defense may be coupled

with such a reply: National Realty Appraisal Co. v. Art Club of Philadelphia, 129 Pa. Superior Ct. 99 (1937). This is in effect the procedure which plaintiff adopted, even though he misnamed his rule, and even though it was insufficient in form. The rule and the reply, taken together, are sufficient to apprise both the court and defendant of the reasons for the action taken by plaintiff, and we should not make him file a new set of motions or rules under these circumstances. Cf. Duffield v. Equitable Life Assurance Society, 49 D. & C. 65 (1942).

### Order

And now, to wit, February 25, 1947, the questions of law raised by plaintiffs' reply raising questions of law are resolved in favor of plaintiffs, rule for judgment for amount admitted to be due is made absolute, and the prothonotary is directed to enter judgment for plaintiffs against defendant in the sum of $5,227.75, with interest on $1,532.75 from January 15, 1946, and interest on $3,695 from February 9, 1946.