## BEULAH WILSON et al. v. J. A. REED, Appellant.

### Division Two, March 16, 1917.

1. **APPEAL: No Motion or Bill.** If the abstract of the record proper fails to show that a motion for a new trial and a bill of exceptions were filed in the trial court, only such assigned errors as may appear in the record proper can be reviewed on appeal—although the abstract contains what purports to be a bill of exceptions in which the filing of the motion and bill is recited.

2. **JUDGMENT: Responsive to Petition: Ejectment.** If a judgment is in all respects complete as a judgment in ejectment, it will not be held to be a decree in equity, and therefore irresponsive to the petition in ejectment, for that, in addition to those necessary recitals, it also recites that plaintiff is entitled to possession "for the purpose of applying the rents and profits on the debt and note" and further orders plaintiff "when said debt has been fully extinguished to turn over said premises" to defendant. These unnecessary recitals are mere surplusage.

3. **DEED OF TRUST: After Condition Broken: Ejectment.** The mortgagee, after condition broken, may recover possession of the mortgaged premises by an action in ejectment, and retain such possession for the purpose of applying the rents and profits upon the principal and interest of the debt; and this applies to a trustee in a deed of trust, in whom, upon condition broken, the legal title is vested.

4. ————: ————: **Interest Alone Due: Foreclosure.** Where a note stipulates that it is to bear interest from date and if the interest be not paid annually to become as principal and bear the same rate of interest, the interest cannot be collected by suit until the maturity of the note; nor can a deed of trust securing such a note be foreclosed for condition broken where it is conditioned only upon the payment of the note according to its tenor. But a deed of trust conditioned for the payment of interest annually may be foreclosed for a breach of that condition, although the note itself has not matured.

5. ————: ————: ————: ————: **One Contract: Independent Conditions.** A note and deed of trust given to secure its payment, both executed at the same time, are one contract and must be construed together, so that effect may be given to all the terms of both instruments where possible to do so; and so a deed of trust may be foreclosed before the maturity of the note which it secures if it has provisions or conditions upon which a forfeiture will take place independently of the terms of the note.

Appeal from Polk Circuit Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*Johnson & Sea* for appellant.

(1) The note being conditioned that if the interest be not paid annually to become as principal and bear the same rate of interest until paid, thus leaving it optional with the maker whether it should be paid or be compounded by the terms of the note, no forfeiture could be taken until note was fully matured, and the trustee had no right to recover possession until such forfeiture. Koehring v. Muemminghoff, 61 Mo. 403; Frye v. Shepherd, 173 Mo. App. 200. (2) The terms of the note are not controlled by the conditions in the deed of trust, the deed of trust being a mere incident following

the debt wherever it goes. Owings v. McKinzie, 133 Mo. 336; Bank v. Com. Co., 93 Mo. App. 136. (3) A trustee, in a deed of trust, has no right to the possession of the premises, and having no right to possession, cannot maintain an action in ejectment. Siemers v. Schrader, 88 Mo. 20; Bailey v. Winn, 101 Mo. 656.

*Rechow & Pufahl* for respondent.

(1) Where the deed of trust provided that the interest should be paid annually, and if not paid it was to be compounded, and that if the maker should refuse to pay the debt, or the interest, or any part thereof, when due, then the whole should become due and payable, the agreement for compounding interest is no waiver of the right to enforce its payment when due, and the trustee might properly sell, if the interest is not paid annually. Waples v. Jones, 62 Mo. 440. Where a guardian and curator loans the money of his wards, the interest is payable whether so expressed in the note or not. R. S. 1909, sec. 444; Payne v. King, 38 Mo. 502. The defendant was bound to know that this was the law and must be governed thereby; and the fact that he did not insert that clause in the note cannot benefit him. He, certainly of all men, is not in a position to take advantage of his own wrong or neglect. Sturgeon v. Hampton, 88 Mo. 213; Montgomery County v. Auchley, 103 Mo. 507. Where the deed of trust provides that the debtor shall pay the taxes on the property, or shall keep the property insured, or shall make certain repairs and in case of default in that regard the debt, principal and interest shall mature and the property be sold to pay the same, a sale for non-compliance with any of these conditions could be made. Phillips v. Bailey, 82 Mo. 639. (2) After condition broken a mortgagee in a mortgage is entitled to possession and may maintain ejectment for the purpose of paying the debt. The legal title in a deed of trust is in the trustee, and after condition broken, he may maintain ejectment. Johnson v. Houston, 47 Mo. 227; Siemers v. Schrader,

88 Mo. 23; Bailey v. Winn, 101 Mo. 656; Sutton v. Mason, 38 Mo. 120.

WHITE, C.—The appeal is from a judgment in favor of the plaintiffs in an ejectment suit.

The abstract of the record proper filed in this court fails to show that a motion for new trial was filed or was overruled, and fails to show that a bill of exceptions was filed. Appellant prints what purports to be a bill of exceptions in which the filing of the motion and the bill of exceptions and the ruling on the motion are recited, but that is insufficient to permit a review of alleged errors except such as may appear in the record proper. [Case v. Carland, 264 Mo. 463; Hogan v. Hinchey, 195 Mo. l. c. 533.]

It is claimed, however, by the appellant that sufficient errors appear on the face of the judgment to warrant a reversal. Two objections to the judgment are urged. First, that it is not responsive to the pleadings; and, second, that it is contradicted and vitiated by the recitals in the judgment itself.

The suit was filed March 10, 1912. The judgment recites that the plaintiffs Beulah A. Wilson, Charles R. Wilson, Jessie G. Wilson and Mildred E. Wilson are all minors, and that the plaintiff D. W. Covington is the duly appointed, qualified and acting guardian and curator of their persons and estate. That the defendant, J. A. Reed, on August 24, 1910, executed and delivered to the then guardian of these minors his promissory note for nine hundred dollars, due five years after date, *"with interest from date at the rate of six per cent per annum and if the interest be not paid annually to become as principal and bear the same rate of interest until paid."* That to secure the payment of said note the said J. A. Reed at the time executed a deed of trust conveying the land sued for to F. W. Adams as trustee; that no part of said note or interest has been paid and by the terms of said deed of trust said interest should be paid annually. The judgment then proceeds as follows:

*Judgment in Ejectment.*

"The court further finds that there has been a forfeiture, and that the conditions of the said deed of trust have been broken, and that the plaintiff, F. W. Adams, as trustee, is entitled to the possession of said premises hereinbefore ·described, for the purpose of applying the proceeds and the rents and profits therefrom on the debt and note held' by the said D. W. Covington, as guardian and curator of the said Beulah A. Wilson, Charles R. Wilson, Jessie G. Wilson and Mildred E. Wilson, minors.

"The court further finds· that possession was demanded from the defendant, and that he has been unlawfully holding possession of said premises since the 28th day of February, 1913, and that the damages sustained by reason of his withholding such possession amounts to thirty dollars.

"The court further finds that the value of the monthly rents and profits from said premises is eight dollars per month.

"It is therefore ordered, adjudged and decreed by the court that the said F. W. Adams, trustee, have and recover of and from the defendant, J. A. Reed, the possession of the premises herein described for the purpose of applying the proceeds, rents and profits on the debt and note executed by the defendant, J. A. Reed; and that when said debt has been fully extinguished, then he turn over possession of said premises to the said J. A. Reed."

It was further ordered that the said plaintiff have and recover of and from the said defendant, J. A. Reed, thirty dollars damages and the sum of eight dollars per month until possession should be delivered to the said plaintiff, and all costs, for all of which execution and writ of restitution might issue.

The first objection is directed at the paragraph finding the plaintiff Adams entitled to possession *"for the purpose of applying the rents and profits therefrom on the debt and note,"* etc., and ordering that plaintiff have and recover possession for such purposes, *"and that when said debt has been fully ex-*

*tinguished, he turn over possession of said premises to said J. A. Reed."*

Appellant claims it is a decree in equity and therefore not responsive to the petition in ejectment, a straight action at law. The judgment, without that finding, is full and complete as a judgment in ejectment; it recites the issues found for plaintiff, the amount of damages, rents and profits, and awards possession to the plaintiff and judgment for the amount of such damages, rents and profits. The recitals, which attempt to state the reason and the purpose for which possession is awarded and the conditions on which it will terminate, are mere surplusage and do not in any way invalidate or impair the force of the judgment. The judgment, therefore, is not open to the objection that it is not responsive to the pleadings.

A mortgagee, after conditions broken, may recover possession of the mortgaged premises in an action of ejectment, and retain such possession for the purpose of applying the rents and profits upon the interest and principal of the mortgage, and this **Deed of Trust: Ejectment After Condition Broken.** applies to the trustee in a deed of trust in whom, upon condition broken, the legal title is vested. [Johnson v. Houston, 47 Mo. 227; Bassett v. O'Brien, 149 Mo. 381, 1. c. 390; Schanewerk v. Hoberecht, 117 Mo. 1. c. 31; Siemers v. Schrader, 88 Mo. 1. c. 23; Bailey v. Winn, 101 Mo. 1. c. 656.] No complaint is made by the appellant of any defect or misjoinder of parties plaintiff, nor is any objection presented to the form of the petition nor to any want of harmony with the judgment, so far as the parties are concerned.

The second point is that the findings contradict the judgment in this: the court finds that the note secured by the deed of trust was to be due long after the suit was filed, that it does not provide for the *annual payment* of interest, but only provides that if it is not paid annually it will become as principal and bear the same rate of interest, and therefore the condition of

the mortgage was not broken and there could be neither foreclosure nor possession taken.

The findings of the court are in the nature of a special verdict and the judgment must be in accord with them. [Patterson v. Patterson, 200 Mo. l. c. 344; Blount v. Spratt, 113 Mo. l. c. 54-5; Lecompte v. Wash, 9 Mo. 551.]

It has been held that where a note contains a stipulation like the one here regarding the payment of interest, the interest cannot be collected by suit until the maturity of the note. [Frye v. Shepherd, 173 Mo. App. 200; Koehring v. Muemminghoff, 61 Mo. 403.] These cases are cited by appellant in support of the proposition that the action here was not maintainable for the reason that the note described was not yet due at the time suit was brought. It is true that a mortgage securing such a note cannot be foreclosed for condition broken where it is conditioned only upon the payment of the note according to its tenor. In the Frye case an injunction was sought to restrain a foreclosure; and the Koehring case was an ejectment suit, the plaintiff claiming under a foreclosure sale. In each of them the condition in the deed of trust, on breach of which it might be foreclosed, was the payment of the note secured and interest according to "the tenor and effect thereof," and in each case it was held the condition was not broken so as to authorize a foreclosure, although the interest was not paid annually, because the interest was not collectable until the note should become due.

A note and mortgage, or deed of trust, given to secure it, both executed at one time, are one contract and must be construed together so that effect may be given to all the terms of both instruments where possible to do so; and so it has been held that a mortgage or deed of trust may be foreclosed before the maturity of the note which it secures if it has provisions or conditions upon which a forfeiture will take place independent of the terms of the note. [Rumsey v. Peoples Railway Co., 154 Mo. 215, l. c. 246; Truchon

v. Mackey, 171 Mo. App. 42, l. c. 47; Phillips v. Bailey, 82 Mo. 639.]

Those cases recognize the validity of a condition in a deed of trust, a violation of which would create a forfeiture before the maturity of the note, and even make the note due for the purpose of foreclosure, though not due for the purpose of a personal suit.

It is quite usual in mortgages and deeds of trust to provide that the mortgagor shall pay the taxes assessed against the property as such taxes mature, or shall keep the property insured, or shall prevent waste, and that upon a failure to comply with any such conditions the note may become payable for the purpose of foreclosure and the mortgagee may foreclose or enter for condition broken. In all such cases the stipulation is valid and binding under the authorities cited above although the debt secured by the mortgage is not yet due.

The judgment in this case does not recite that if the note or interest is not paid according to the "tenor and effect" of said note the trustee might foreclose, but recites "that there has been a forfeiture and that the conditions of the said deed of trust have been broken and that the plaintiff F. W. Adams as trustee is entitled to the possession of said premises."

This finding, therefore, is conclusive that there were conditions in the deed of trust which had been broken and would authorize a judgment for possession, although neither the note nor interest could be collected by personal suit.

The judgment is affirmed.

*Roy, C.,* concurs.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.