Elizabeth **RICHARD**, Appellant,

v.

**WELLS FARGO BANK, N.A.
and HSBC Bank, USA,
N.A., Respondents.**

No. ED 98712.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 22, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 2013.

Application for Transfer Denied Feb. 4, 2014.

Gregory G. Fenlon, Clayton, MO, for appellant.

David Hamilton, John H. Kilper, Hazelwood & Weber LLC, St. Charles, MO, for respondents.

KURT S. ODENWALD, Judge.

### Introduction

Elizabeth Richard ("Elizabeth")[1] appeals from the trial court's grant of partial summary judgment in favor of Wells Fargo Bank, N.A. ("Wells Fargo") and HSBC Bank USA, National Association ("HSBC Bank") in a lawsuit involving a parcel of real property, a promissory note, and a deed of trust. Elizabeth filed a nine-count petition against Wells Fargo and HSBC Bank in which she sought declaratory judgment (Count I), requested the court to enjoin Wells Fargo and HSBC Bank from prosecuting their unlawful detainer action (Count VI), and pleaded multiple other claims, including wrongful foreclosure (Count II). Wells Fargo and HSBC Bank filed a motion for partial summary judgment, and the trial court granted their motion.

Because the record before us negates essential elements of Elizabeth's claims, we hold that the trial court's grant of summary judgment in favor of Wells Fargo and HSBC Bank on Counts I, II, and VI was proper. Accordingly, we affirm the trial court's judgment.

### Factual and Procedural History

The facts, construed in the light most favorable to Elizabeth, are as follows. In 1995, Elizabeth's husband, Paul Richard ("Paul"), purchased a parcel of real property ("the Property") located in Valley Park, Missouri. Paul and Elizabeth took title to the property as tenants by the entirety. On February 28, 2005, Paul refinanced the Property, borrowed $154,400.00 from Wells Fargo, and executed a promissory note. Elizabeth did not sign the promissory note, which contained an acceleration clause.

---

1. We will refer to appellant, Elizabeth Richard, as Elizabeth to avoid any confusion between our references to her and her husband, Paul Richard. For the same reason we refer to her husband, Paul Richard, as Paul. No disrespect is intended.

On February 28, 2005, the same day the promissory note was executed, the promissory note was secured by a deed of trust. Seventeen pages of the eighteen-page deed of trust bear Elizabeth's initials. On page seventeen, Elizabeth signed a signature line, and the preprinted word "Borrower" appears beside the signature line. Page eighteen, which does not contain Elizabeth's initials, bears a notary seal and identifies Elizabeth as "Non-borrower."

The first section of the deed of trust is entitled "Definitions" and defines the word "Borrower" as "**PAUL D RICHARD AND ELIZABETH M RICHARD, HUSBAND AND WIFE.**" Section 13 of the deed of trust contains the following provision: "[A]ny Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument...." "Security Instrument" is defined as "this document, which is dated **FEBRUARY 28, 2005** together with all Riders to this document." Two riders follow the deed of trust: a prepayment rider and an adjustable rate rider. Both riders were signed by Elizabeth and identify her as "Borrower."

A cover page was affixed to the deed of trust and faxed to Wells Fargo on March 4, 2005. The cover page contains the following information: the title of the document, the date of the document, the grantor(s) and their address, the grantee and the grantee's address, and a legal description of the real property. There are two iterations of the cover page. One copy identifies "**PAUL D RICHARD**" as the grantor. A second copy identifies "**PAUL D RICHARD and Elizabeth M. Richard, husband and wife**" as the grantors. On the second copy, the words "Paul D Richard" appear in typeface, and the words "and Elizabeth M. Richard, husband and wife" appear in handwriting.

Paul died on August 27, 2008. After his death, Elizabeth made two payments to Wells Fargo on the promissory note. In December 2008, Wells Fargo sent a notice of default to the Property. The default was never abated. Wells Fargo then invoked the promissory note's acceleration clause, which states, "[i]f **the default is not cured ..., Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale....**" The acceleration clause further states, "**If Lender invokes the power of sale, Lender or Trustee shall mail copies of a notice of sale.... Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place and under the terms designated in the notice of sale....**" After the required statutory notices of sale were mailed, a non-judicial foreclosure sale of the Property was held on October 5, 2009. HSBC Bank was the highest bidder at the non-judicial foreclosure sale and purchased the Property with a credit bid.

Thereafter, Elizabeth filed a nine-count lawsuit against Wells Fargo and HSBC Bank. Wells Fargo and HSBC Bank filed a motion for partial summary judgment on Count I (declaratory judgment), Count II (wrongful foreclosure), and Count VI (to enjoin the unlawful detainer action) and on any other claim based on allegations that the deed of trust is invalid. In their motion, Wells Fargo and HSBC Bank alleged they were entitled to summary judgment on Counts I, II, and VI and on any other claim based on the invalidity of the deed of trust because the deed of trust is valid and by executing the deed of trust, Elizabeth conveyed her interest in the Property.

Wells Fargo and HSBC Bank further argued that they were entitled to summary judgment on Count II because the loan was in default and the foreclosure sale complied with the terms and conditions of the promissory note and the deed of trust.

The trial court granted the motion for partial summary judgment and entered judgment in favor of Wells Fargo and HSBC Bank on Counts I, II, and VI. Approximately one month later, the trial court, on its own motion, entered a judgment and order of dismissal for the remaining counts, providing that "all claims herein, are dismissed without prejudice for failure to prosecute...." Elizabeth appeals.[2]

### Points on Appeal

Elizabeth raises two points on appeal. In her first point on appeal, she argues that the trial court erred in granting summary judgment in favor of Wells Fargo and HSBC Bank on Count I for declaratory judgment because the summary judgment record demonstrates that the deed of trust was unenforceable due to ambiguity and material alterations. Elizabeth contends the deed of trust was ambiguous because it identifies Elizabeth as both "Borrower" and "Non-borrower." Elizabeth also claims that the deed of trust was materially altered because after Elizabeth signed the instrument, the words "and Elizabeth M. Richard, husband and wife" were handwritten on the cover page of the deed of trust. In her second point on appeal, Elizabeth contends that the trial court erred in granting summary judgment in favor of Wells Fargo and HSBC Bank on her wrongful foreclosure claim because the non-judicial foreclosure required the buyer to pay cash, but cash was not paid. Elizabeth also argues that the trial court erred in entering summary judgment in favor of Wells Fargo and HSBC Bank on the foreclosure claim because she was led to believe that the foreclosure proceedings would be postponed.

### Standard of Review

We review the entry of summary judgment de novo. Rice v. Shelter Mut. Ins. Co., 301 S.W.3d 43, 46 (Mo. banc 2009). We review the record in the light most favorable to the party against whom judgment was entered. ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). We will affirm where the pleadings, depositions, affidavits, answers to interrogatories, exhibits, and admissions establish that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Beyerbach v. Girardeau Contractors, Inc., 868 S.W.2d 163, 165 (Mo.App. E.D.1994). Defendants may establish their right to summary judgment by showing: facts negating any element of the plaintiff's cause of action; that the plaintiff has presented insufficient evidence to allow the finding of any element of the plaintiff's cause of action; or that there is no genuine dispute as to the existence of the facts necessary to support a properly pleaded affirmative defense. Ameristar Jet Charter, Inc. v. Dodson Intern. Parts, Inc., 155 S.W.3d 50, 58–59 (Mo. banc 2005). Where the trial court did

---

**2.** Wells Fargo and HSBC Bank have filed a Motion to Dismiss Appeal asserting that dismissal of Elizabeth's appeal is warranted because Elizabeth failed to substantially comply with the requirements of Rule 84.04. This Court will not dismiss an appeal for violations of Rule 84.04 unless review on the merits is so hampered by the violations that the Court must become an advocate for the appellant. In re Adoption of C.M.B.R., 332 S.W.3d 793, 822 (Mo. banc 2011). Although Elizabeth's brief contains some deficiencies, it is not so deficient that it warrants dismissal. The motion is denied.

not render factual findings, all factual issues are presumed resolved in accordance with the result of the trial court's judgment, and we will affirm if the trial court's judgment is proper under any reasonable theory supported by the evidence. *Frick's Meat Products, Inc. v. Coil Constr. of Sedalia Inc.*, 308 S.W.3d 732, 736 (Mo.App. E.D.2010).

### Discussion

**I. The trial court properly granted summary judgment in favor of Wells Fargo and HSBC Bank on Count I because the terms of the deed of trust are not ambiguous and were not materially altered.**

Elizabeth raises two separate arguments under her first point on appeal, both of which attack the validity of the deed of trust. We address each argument in turn.

#### A. *The Deed of Trust is Not Ambiguous.*

 A loan transaction typically consists of a promissory note and a security interest, such as a deed of trust. *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623 (Mo.App. E.D.2009). "A deed of trust pledges land to secure a debt" and entitles its holder to foreclose on property under certain circumstances. *Mills v. 1st Nat. Bank of Mexico*, 661 S.W.2d 808, 811 (Mo.App. E.D.1983); *Bellistri*, 284 S.W.3d at 623. When a husband and wife hold property as tenants by the entirety, both parties, the husband and the wife, must be named as grantors or borrowers in the deed of trust to convey their interest in the property. *Ethridge v. TierOne Bank*, 226 S.W.3d 127, 132 (Mo. banc 2007). "A deed by only one of two tenants by the entirety conveys nothing." *Id.*

 " 'A note and mortgage, or deed of trust, given to secure it, both executed at one time, ... must be construed togeth-

er.' " *Frame v. Boatmen's Bank of Concord Village*, 782 S.W.2d 117, 119 (Mo.App. E.D.1989) (quoting *Wilson v. Reed*, 270 Mo. 400, 193 S.W. 819, 820 (1917)); *Jenkins v. Thyer*, 760 S.W.2d 932, 935–36 (Mo.App. S.D.1988); *see Reese v. First Mo. Bank & Trust Co. of Creve Coeur*, 664 S.W.2d 530, 534–35 (Mo.App. E.D.1983). By construing these documents together, courts can ascertain the parties' intentions. *Four–Three–O–Six Duncan Corp. v. Security Trust Co.*, 372 S.W.2d 16, 23 (Mo. 1963); *Reese*, 664 S.W.2d at 535. Contradictions in these documents must be harmonized if reasonably possible. *Reese*, 664 S.W.2d 530 at 535. If it is not reasonably possible to harmonize a contradiction, the contract may be ambiguous if " 'its terms are susceptible to honest and fair differences.' " *Ethridge*, 226 S.W.3d at 131 (quoting *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 860 (Mo. banc 2006)). " 'A contract is not ambiguous merely because the parties disagree as to its construction.' " *Id.* (quoting *Schneider*, 194 S.W.3d at 860).

In this case, the record indicates that the promissory note, which only Paul signed as "Borrower," was executed on the same day as the deed of trust. The first page of the deed of trust defines the term "Borrower" and identifies Elizabeth as "Borrower." Each page thereafter, with the exception of the eighteenth page, was initialed by Elizabeth. The seventeenth page of the deed of trust bears Elizabeth's signature on the signature line, and the preprinted word "Borrower" appears adjacent to the signature line. The last page of the deed of trust bears a notary seal, the preprinted word "Non–Borrower," and Elizabeth's name in typeface alongside the preprinted word.

Elizabeth contends that the deed of trust is ambiguous because it identifies Elizabeth "as a borrower on one page and

a non-borrower on another." Elizabeth's contention is unavailing because when the promissory note and the deed of trust are construed together, the deed of trust is clear and unambiguous.

First, the deed of trust defines "Borrower" as Paul and Elizabeth. Second, the deed of trust bears Elizabeth's initials on seventeen pages. Third, the deed of trust is signed by Elizabeth on the signature line next to the preprinted word "Borrower." Further, section 13 of the deed of trust specifically addresses a scenario in which only one individual signs a promissory note, but two people sign a deed of trust. That precise scenario applies in this case. Under section 13 of the deed of trust, any "Borrower" who co-signs the deed of trust but does not execute the promissory note grants and conveys the co-signer's interest in the Property. Therefore, when Elizabeth co-signed the deed of trust, which identifies her as "Borrower" on the first page and which she signed on the signature line labeled "Borrower" on the seventeenth page, she unambiguously pledged her interest in the Property as security for the promissory note. *Rouse v. Wells Fargo Bank, N.A. and Wells Fargo Bank NV, N.A.*, No. 08–30823, 2009 WL 3335027, at *2 (Bankr. W.D.Mo. Oct. 14, 2009). Based on the foregoing, the deed of trust clearly and unambiguously identifies Elizabeth as "Borrower."

 Elizabeth attempts to bolster her argument that the deed of trust is ambiguous by discussing the dictionary definition of the word "borrow." We do not consider extrinsic evidence to determine the meaning of a contract term unless the term at issue first is shown to be ambiguous. *Young Dental Mfg. Co. v. Engineered Products, Inc.*, 838 S.W.2d 154, 157 (Mo. App. E.D.1992). Here, the deed of trust itself defines the word "Borrower" as

**PAUL D RICHARD AND ELIZABETH M RICHARD, HUSBAND AND WIFE[.]** "Borrower is the trustor under this Security Instrument." Because the deed of trust itself defines the word "Borrower," the term is not ambiguous, and we will not consider extrinsic evidence. *See id.* The record clearly negates an essential element of Elizabeth's claim based upon ambiguity. Accordingly, the trial court did not err in granting judgment in favor of Wells Fargo and HSBC Bank on this claim.

B. *The Deed of Trust was Not Materially Altered.*

 Elizabeth next argues that the trial court erred in entering summary judgment in favor of Wells Fargo and HSBC Bank because the deed of trust was materially altered after Elizabeth signed it, and the alteration renders the deed of trust invalid as to Elizabeth. Specifically, Elizabeth argues that the addition of her name beside the preprinted identifier "Grantor(s)" on the cover page constitutes a material alteration. We disagree.

 " 'A material alteration is one which so changes the terms of the instrument as to give it a different legal effect from that which it originally had, and thus works some change in the rights, interest, or obligations of the parties.' " *Recsnik v. Retirement Time Ins., LLC*, 361 S.W.3d 9, 11–12 (Mo.App. E.D.2009) (quoting *Bank of Moberly v. Meals*, 316 Mo. 1158, 295 S.W. 73, 77 (1927)).

In this case, the handwritten insertion on the cover page of the deed of trust, namely the addition of Elizabeth's name beside the preprinted label "Grantor(s)," does not constitute a material alteration because it does not change the terms of the deed of trust or the rights, interests, or obligations of the parties. The handwritten insertion merely captures Elizabeth's intent to grant a security interest in

the Property and reflects her obligation as "Borrower." The handwritten additions did not enlarge or abridge the terms of the deed of trust or any parties' obligations. Thus, the addition was not material and did not affect the validity of the deed of trust.

In the absence of an ambiguity or a material alteration, we find no error in the trial court's grant of summary judgment in favor of Wells Fargo and HSBC Bank on Count I. Point One is denied.

## II. The trial court properly granted summary judgment on Count II in favor of Wells Fargo and HSBC Bank because the foreclosure sale accorded with the law.

■ In her second point on appeal, Elizabeth argues that the trial court erred in entering summary judgment in favor of Wells Fargo and HSBC Bank on her wrongful foreclosure claim for two separate reasons: (1) the deed of trust required a foreclosure sale by cash, but HSBC Bank purchased the Property with a credit bid; and (2) Elizabeth was led to believe that the foreclosure proceedings would be postponed.

In the argument section under this point, Elizabeth raises a third argument, which does not appear in her point on appeal. She contends that the foreclosure sale was void because HSBC Bank did not possess the original promissory note, and therefore, HSBC Bank was not a holder and was not entitled to enforce the note. Rule 84.04(e) requires the argument section under a point on appeal to be limited to only those errors included in the point relied on. *66, Inc. v. Crestwood Commons Redevelopment Corp.*, 130 S.W.3d 573, 584 (Mo.App. E.D.2003) (citing Rule 84.04(e)). Because Elizabeth's third argument appears for the first time in the argument section under her second point relied on

and is not fairly encompassed by the point on appeal, we will not review it. *Dubose v. City of St. Louis*, 210 S.W.3d 391, 394 (Mo.App. E.D.2006).

Elizabeth's argument that the sale of the Property was unlawful because HSBC Bank did not pay cash for the Property as the deed of trust specified fails as a matter of law. Elizabeth does not cite a single case holding that where the deed of trust specifies that cash is to be paid at the foreclosure sale, the sale is void if the winning bidder pays with credit. Contrary to Elizabeth's assertion, "Missouri law permits a credit bid to be entered—even when the deed requires, as it did here, that the sale be for 'cash.'" *Hallquist v. United Home Loans, Inc.*, 715 F.3d 1040, 1047 (8th Cir.2013) (applying Missouri law); *Webb v. Salisbury*, 327 Mo. 1123, 39 S.W.2d 1045, 1052 (1931); *Martin v. Lorren*, 890 S.W.2d 352, 356–57 (Mo.App. S.D. 1994). Here, although HSBC Bank purchased the Property with a credit bid, that bid accords with the law because value was given for the Property. *Webb*, 39 S.W.2d at 1052.

■ Elizabeth's second argument under this point on appeal also fails given the uncontroverted facts in the record which defeat this claim. Although Elizabeth contends that she was led to believe the foreclosure proceedings would be postponed, the uncontroverted documentary evidence establishes that Wells Fargo sent a letter to Elizabeth regarding the status of her home loan and foreclosure activity. That letter contained the following language:

Next Steps

Right now, you don't have to do anything. If our payment solutions representatives need additional information from you, they'll contact you directly. Until a decision is made, please:

● Continue to make your monthly mortgage payments

● Be aware that if your mortgage is in default, it will remain in default.

● Understand that all normal collection/foreclosure/bankruptcy processes may continue uninterrupted during this time period.

This letter informs Elizabeth that the foreclosure process may continue if the mortgage remained in arrears. Because Elizabeth received notice that the foreclosure may progress, her claim that she was led to believe the sale would be postponed is squarely contradicted by the record and is unsupported by any evidence. Therefore, the trial court did not err in granting summary judgment in favor of Wells Fargo and HSBC Bank on Elizabeth's wrongful foreclosure claim because the uncontroverted facts set forth in the record establish that Elizabeth's claims fail as a matter of law. Point Two is denied.

*Conclusion*

The record negates Elizabeth's claims that the deed of trust is ambiguous or was materially altered. The record further negates her claims that HSBC Bank's purchase of the Property was unlawful, or that Wells Fargo led her to believe that the foreclosure proceedings would be postponed. Accordingly, we affirm the trial court's grant of summary judgment in favor of Wells Fargo and HSBC Bank on Counts I, II, and VI.

MARY K. HOFF, P.J. and ANGELA T. QUIGLESS J., concur.